443 N.E.2d 830 (1983)
Carlton E. HUDGINS, Appellant,
v.
STATE of Indiana, Appellee.
No. 582S166.
Supreme Court of Indiana.
January 19, 1983.
*831 Sheila Suess Kennedy, Treacy Cohen Mears & Crawford, Indianapolis, for appellant.
Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.
GIVAN, Chief Judge.
Appellant was charged with one count of delivery of a controlled substance. He was tried before a jury and found guilty. He was sentenced to a twelve (12) year term of imprisonment.
The facts are these. One Joanna Burress had been working with the United States Drug Enforcement Agency (hereinafter "DEA") for some time as a confidential informant. The DEA was engaged in an investigation of illicit drug dealing by two other individuals, Wesley Shaw and Robert Slaughter, in which Burress was assisting.
On December 2, 1980, Burress was asked by DEA agent Tony King to attempt to make a narcotics purchase from Shaw and Slaughter. That morning at the DEA office in Indianapolis she and her car were searched by DEA agents and an Indianapolis police department officer. No drugs or money were found on her person or in her car. She was given five twenty dollar bills by agent King and sent off in her car to try and make a narcotics purchase from either Shaw or Slaughter. Agents King and Eaton and two Indianapolis police officers followed Burress in order to maintain a moving surveillance of her. She had also been "wired" with a radio transmitter so they could maintain voice contact with her.
Burress picked up Wesley Shaw at his home. The two drove around Indianapolis to try to find Slaughter, but were unsuccessful. After stopping to make a phone call, Shaw told Burress she could buy some drugs from "Carl." Burress left Shaw briefly to report to Agent King who told her to buy drugs from whomever she could. She returned to the location where she had left Shaw. Shortly thereafter appellant entered her car and remained for about five minutes. Burress bought two packets of a substance later shown to be heroin from appellant. She then drove to a location where she again met with agents King and Eaton. She gave them the two packets and told them she had purchased them from a man named Carl for the one hundred dollars she had been given earlier. After the sale Burress returned to the DEA office where she and her car were again searched. No drugs or money were found on her person or in her car. Appellant was subsequently arrested, tried and convicted as recited above.
At appellant's trial agent King testified as to the events described above. He testified he did not see the actual alleged buy of drugs from appellant by Burress, as he and Eaton were not in a position to do so. However, Indianapolis police officer Barbara Gilberti, who was also participating in the surveillance of Burress, testified she watched from behind a fence while a man, whom she positively identified as appellant, got in Burress' car and exited a short time later. Burress also testified as to these events. She positively identified appellant as the man from whom she purchased the two packets later shown to contain heroin on December 2, 1980.
Appellant first claims the verdict is not supported by sufficient evidence to show guilt beyond a reasonable doubt. Appellant claims the conviction depends "entirely upon the word of a not-so-ex-addict who knew she had to `produce' in order to avoid going to prison herself" and thus fails to meet the test of proving guilt beyond a reasonable doubt. (Emphasis in original.)
Appellant's claim is without merit. It is well-settled that on appeal this Court does not judge the credibility of witnesses. Haynes v. State, (1982) Ind., 431 N.E.2d 83. The jury chose to believe Burress, which was entirely their prerogative. Appellant is not entitled to a reversal merely because Burress is an ex-drug addict, nor even if she is currently addicted. Moreover, the testimony of an informant is sufficient evidence to support a conviction. Haynes, supra.
*832 Appellant also claims the evidence is insufficient to support the conviction because though the substance in the packets Burress allegedly purchased from appellant was shown to be heroin, no proof was entered showing heroin is a controlled substance.
No such proof is necessary. See, Mendez v. State, (1977) 267 Ind. 67, 367 N.E.2d 1081. In the case at bar the trial court properly instructed the jury that delivery of a controlled substance is a Class B felony and that heroin is a schedule I controlled substance. There is ample evidence from which the jury could find the State proved beyond a reasonable doubt the substance appellant sold to Burress was heroin. See also, Ralston v. State, (1980) Ind. App., 412 N.E.2d 239 (no need for State to prove phenmetrazine is a controlled substance when it is on the statutory list). We hold the evidence is sufficient to support the conviction.
Appellant claims the trial court erred in admitting State's Exhibits 1 and 2 into evidence over his objection. These exhibits are aerial photographs of the area of urban Indianapolis, referred to by DEA agents as "the Hole," where the transaction allegedly took place. The photographs were taken from a sufficient height to show basically one square block of a partially residential, partially light industrial neighborhood. Appellant asserts the photographs do not meet the test of tending to prove a material fact at issue in the case.
Photographs depicting the scene of the crime are competent and relevant in assisting jurors in orienting themselves and understanding the evidence. Holland v. State, (1980) Ind., 412 N.E.2d 77. The record shows the events surrounding the commission of the crime took place at least partially within the area depicted in the photographs. There was no error in admitting the photographs into evidence.
Appellant claims the conviction should be set aside because the evidence shows the transaction was the product of an entrapment by law enforcement officers.
An entrapment exists when a government agent or someone working for him persuades the defendant to commit the charged crime. Drollinger v. State, (1980) Ind., 409 N.E.2d 1084; Stewart v. State, (1979) Ind., 390 N.E.2d 1018. Entrapment does not occur when the government does no more than provide the defendant with the opportunity to commit an offense he is predisposed to commit. Id. The question of the predisposition of the defendant to commit the offense is a question of subjective intent and is one for the trier of fact to resolve. Stewart, supra. We use the normal test for sufficiency of the evidence when the issue of entrapment is raised. That is, we do not reweigh the evidence nor judge the credibility of witnesses.
It is reasonable to infer the contact with defendant came about through the work of Wesley Shaw, who knew what Burress wanted. Burress testified when she told appellant she was interested in making a narcotics purchase, he offered to and did sell her heroin. There was no evidence showing Burress had to engage in any sort of inducement or persuasion of appellant to enter into the transaction. The mere fact the evidence shows it was Burress and not appellant who first mentioned narcotics is not sufficient to show an inducement or a lack of predisposition on the part of appellant to commit the offense. Rather, the evidence clearly permits an inference appellant made the contact with Burress armed with the knowledge he could make a sale of narcotics to her and that he was predisposed to do so.
Appellant cites the case of Gray v. State, (1967) 249 Ind. 629, 231 N.E.2d 793, in support of his argument. There we held the evidence insufficient to prove predisposition to sell narcotics. There was no evidence showing the defendant had ever been involved in narcotics trafficking or had any intent to sell narcotics before being approached by the informant.
In the case at bar appellant came in contact with Burress not at her instigation but through Wesley Shaw, who knew she wanted to buy narcotics and did not know *833 she was working as a police informant. It was reasonable to infer that by the time Burress came in contact with appellant he intended to sell her narcotics and was predisposed to do so. See also, Thompson v. State, (1973) 259 Ind. 587, 290 N.E.2d 724 (no entrapment defense available when third party who does not know true identity of government agent sends agent to the defendant and the latter then commits the offense). The evidence is sufficient to show appellant was not the victim of an entrapment.
The trial court is in all things affirmed.
All Justices concur.