**Douglas A. HENRICHS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 183S17.**

Supreme Court of Indiana.

Nov. 17, 1983.

Straley M. Thorpe, Munster, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Douglas A. Henrichs was found guilty by a Lake Superior Court jury of two counts of class B felony Dealing in a Narcotic drug, Ind.Code § 35–48–4–1 (Burns Supp.1983). The trial court sentenced him to twelve years imprisonment. Appellant now directly appeals to challenge the sufficiency of the evidence by which he was convicted.

The facts adduced at trial show that Appellant was a drug addict when the instant criminal events transpired. On September 9, 1981, Hammond Police Corporal James Lawson accompanied John Moore, a confidential informant, into the Someplace Else Tavern in Cedar Lake, Indiana. Once inside said Tavern, Lawson and Moore seated themselves next to Appellant at the bar. Moore introduced Appellant to Lawson. Appellant thereupon suggested that they go outside the tavern to prevent anyone from overhearing their discussion. Once outside, Appellant stated that he could obtain three $45.00 bags of cocaine in Chicago Heights. Lawson was instructed to wait in the Tavern. Appellant subsequently telephoned Lawson and instructed him to meet for their exchange at a nearby pharmacy. Lawson and Moore proceeded to said Pharmacy and drove up alongside of Appellant. They opened the side door of their van and Appellant entered and produced three bags of cocaine. Stating that he knew that he could be arrested for a hand-to-hand sale, Appellant placed the cocaine on the floor. Lawson paid the requested $125.00. When Lawson questioned why the packets were "light", Appellant explained that he had "pinched" them. Appellant also informed that the cocaine was good and that the price for cocaine in future buys would be better. Appellant then exited the van and scene. On October 1, 1981, Corporal Lawson and two other police officers entered the Someplace Else Tavern. Corporal Lawson testified that he walked to where Appellant was seated at the bar and told Appellant that he desired more cocaine. Appellant agreed to procure two $60.00 bags for him. Appellant again said that he would have to make the purchase in Chica-go Heights which would take approximately two hours. Lawson waited in the bar for instructions. Appellant subsequently telephoned and informed Lawson to leave $120.00 with the bartender. The cocaine was placed and found inside the door of Lawson's van.

▓ Appellant now specifically argues that the State did not present sufficient evidence to rebut his entrapment defense. Entrapment is an affirmative defense defined as follows:

"(a) It is a defense that:

(1) the prohibited conduct of the person was the product of a law enforcement officer, or his agent, using persuasion or other means likely to cause the person to engage in the conduct; and

(2) the person was not predisposed to commit the offense.

(b) Conduct merely affording a person an opportunity to commit the offense does not constitute entrapment."

Ind.Code § 35–41–3–9 (Burns 1979). *See also Williams v. State,* (1980) Ind., 409 N.E.2d 571; *Johnson v. State,* (1971) 255 Ind. 589, 266 N.E.2d 57, *reh. denied.* When an entrapment defense is raised, this Court must make a two-part inquiry: (1) Did police officers or their agents initiate and actively participate in the criminal activity, and (2) Is there evidence that the accused was predisposed to commit the crime so that the proscribed activity was not solely the idea of the police officials. *Cyrus v. State,* (1978) 269 Ind. 461, 381 N.E.2d 472, *cert. denied* (1979) 441 U.S. 935, 99 S.Ct. 2058, 60 L.Ed.2d 664; *Hardin v. State,* (1976) 265 Ind. 635, 358 N.E.2d 134. In order to rebut an entrapment defense, the State must show that the level of police activity was not such that it persuasively affected the free will of the accused and that the accused was predisposed to commit the offense. *Baird v. State,* (1983) Ind., 446 N.E.2d 342, *reh. denied.* Whether there is sufficient evidence by which the State can rebut an entrapment defense is a question of fact to be determined by the jury after

weighing all of the evidence presented to them. *Bennett v. State,* (1981) Ind., 423 N.E.2d 588. Of course we as a court of review will neither reweigh the evidence nor judge the credibility of the witnesses. Instead, we will consider only that evidence most favorable to the State with all reasonable inferences drawn therefrom. *Laster v. State,* (1983) Ind., 453 N.E.2d 1009.

The facts recited above clearly show ample evidence from which the instant jury could find beyond a reasonable doubt that Appellant had a predisposition to deal in cocaine. Specifically, Appellant indicated a readiness to participate in these drug deals because by doing so, he could "pinch" drugs for his own consumption. Moreover, Appellant had knowledge of cocaine prices in the illegal drug market, had knowledge of supply sources, used and understood terminology almost exclusively practiced in the illegal drug traffic trade and solicited future drug sales by offering a "better" price. *See generally Everroad v. State,* (1982) Ind., 442 N.E.2d 994, *reh. denied.* Because there were ample facts to support the jury's rejection of Appellant's entrapment defense and because we will not reweigh the evidence, there are no grounds to disturb the jury's decision on this question.

Finding no reversible error, we affirm the trial court in all things.

GIVAN, C.J., and DeBRULER, HUNTER and PRENTICE, JJ., concur.