Kenneth GOSSMEYER,
Defendant-Appellant,

v.

STATE of Indiana, Plaintiff-Appellee.

No. 1083S375.

Supreme Court of Indiana.

Aug. 28, 1985.

DiNatale & Montemurro, Chicago, Ill., Nick Thiros, Merrillville, for defendant-appellant.

Linley E. Pearson, Atty. Gen., Lee Cloyd, Deputy Atty. Gen., Indianapolis, for plaintiff-appellee.

PIVARNIK, Justice.

Defendant-Appellant Kenneth C. Gossmeyer was found guilty by a jury in the Lake Superior Court of Count I, class A felony dealing in a schedule II drug, and Count II, class B felony dealing in a controlled substance. The trial court subsequently sentenced Appellant to thirty-five years imprisonment on Count I and to twelve years imprisonment on Count II, said sentences to be served concurrently. Appellant now directly appeals and raises the following four issues:

1. whether the State produced sufficient evidence to rebut his entrapment defense;

2. whether the trial court erred by limiting *voir dire* examination to twenty minutes per party;

3. whether numerous rulings by the trial court combined to deny Appellant of a fair trial; and

4. whether the trial court erred by refusing to give Appellant's tendered instruction 5.

The evidence tended to show that near the end of March, 1982, Dennis Paz, a confidential informant, contacted Hammond Police Corporal James Lawson and went with Lawson to Appellant's home in Chicago. While visiting with Appellant, Lawson and Paz inquired whether he could sell them some cocaine or PCP. Appellant made a telephone call and quoted them some prices. They were unable to obtain money for drugs at that particular time but returned on April 5, 1982, and again expressed their desire to purchase drugs. Appellant again made a telephone call and quoted them some prices. Appellant then agreed to meet Lawson and Paz at a nearby restaurant located in Indiana to make the delivery. Some fifteen minutes later, Appellant appeared at the restaurant with two ounces of PCP and one ounce of cocaine. Corporal Lawson testified that Appellant stated that he "wanted this deal to go fast and smooth, wham bam." Appellant was arrested at the scene.

I

Appellant first argues that the State failed to rebut his defense of entrapment. His argument emphasizes that Paz, the confidential informant, and James Lawson, the Hammond Police Officer, had worked with each other for some time and together

initiated the contacts with him and together asked him if he would sell cocaine and PCP to them. The State contends that neither of these factors establish entrapment as a matter of law and that circumstantial evidence effectively rebutted that defense.

■ In order to refute an entrapment defense, the State must introduce evidence which tends to show that the level of police activity did not persuasively affect the free will of the accused and that the accused was predisposed to commit the offense. *Henrichs v. State,* (1983) Ind., 455 N.E.2d 599; *Baird v. State,* (1983) Ind., 446 N.E.2d 342, *reh denied.* Entrapment exists, of course, when a Government agent or someone working for the agent persuades the defendant to commit the crime charged. *Hudgins v. State,* (1983) Ind., 443 N.E.2d 830. The question of entrapment is one of fact and must be determined by the jury after weighing the evidence presented to them. We review this question as we review all other matters of sufficiency and neither reweigh the evidence nor judge the credibility of witnesses. *Hudgins, supra; Bennett v. State,* (1981) Ind., 423 N.E.2d 588. The evidence here showed that Lawson and Paz had worked together for some time and that they did, in fact, go to Appellant's home uninvited where they made the initial inquiry as to whether Appellant would sell quantities of drugs to them. Merely affording a defendant an opportunity to commit a crime, however, does not constitute entrapment. *Drollinger v. State,* (1980) 274 Ind. 99, 409 N.E.2d 1084; *Hutcherson v. State,* (1978) 269 Ind. 331, 380 N.E.2d 1219, *reh. denied.* Lawson testified he merely inquired whether Appellant would supply him with an ounce of cocaine and two ounces of PCP. There was no evidence that Appellant hesitated or resisted the suggestion. Instead, the evidence shows that Appellant reacted by immediately making a telephone call after which he quoted prices for those drugs in those amounts. On the second visit, once again unannounced, Appellant again was able to immediately place a call and quote prices. Moreover, Appellant was able to meet Lawson and Paz at a restaurant in

Indiana and deliver the drugs within fifteen minutes after the second visit. Appellant admitted he acquired the drugs on credit and also indicated he knew about drug sources in Chicago. To rebut the defense of entrapment, it is sufficient to show circumstances which establish the criminal predisposition of the accused including his possession of large quantities of contraband, his ability to access contraband in a short time, his knowledge of prices and sources and his manner of conducting the sale of contraband itself. *See Henrichs, supra; Sowers v. State,* (1981) Ind.App., 416 N.E.2d 466. There was sufficient evidence presented by the State here to rebut Appellant's entrapment defense.

## II

■ The trial court limited jury *voir dire* to twenty minutes per party over the objections of both the State and the defense. Appellant now argues that this procedure denied him due process of law and the effective assistance of counsel. We first note that we have consistently held that trial judges have broad discretion to regulate the form and substance of *voir dire* and that to establish error, it must be shown that an abuse of discretion rendered a fair trial impossible. *Grimes v. State,* (1983) Ind., 450 N.E.2d 512; *Partlow v. State,* (1983) Ind., 453 N.E.2d 259, *cert. denied* (1984) —— U.S. ——, 104 S.Ct. 983, 79 L.Ed.2d 219. Twenty minutes per side during *voir dire* examinations has been approved by this Court in *Wickliffe v. State,* (1981) Ind., 424 N.E.2d 1007; *Lynn v. State,* (1979) 271 Ind. 297, 392 N.E.2d 449, *reh. denied,* and *Hart v. State,* (1976) 265 Ind. 145, 352 N.E.2d 712. Appellant claims, however, that each of these cases was decided upon the particular facts presented by the case and that the facts in his case would show prejudice to him. Appellant gives us nothing to substantiate his claim and, in fact, has failed to include a transcript of the *voir dire* proceeding in the record. There is no showing, therefore, that the jurors were not properly and sufficiently questioned either by the trial

judge or by the parties in substantiation of Appellant's claim. We accordingly find no error presented on this issue.

## III

Appellant next suggests that several denials of due process resulted from certain adverse rulings of the trial court and that the sum of these denials constitutes reversible error. Appellant first alleges the State violated a reciprocal discovery agreement. Specifically, he claims he was forced, over objection based on a claim of attorneys' work product privilege, to disclose the contents of a deposition he took of Paz. He cites page 80 of the record of proceedings to substantiate this allegation but the record does not indicate that he asserted the work product privilege or that he objected to the publication of the deposition at page 80. Instead, the record shows, at page 185, that the State objected to being made to turn over any handwritten notes of interviews with Paz on the basis that such notes constituted attorneys' work product and therefore were not subject to discovery. The trial court sustained this objection. (Record at page 188). A discovery issue must be preserved for appeal by raising a timely objection. The deposition ordered published by the trial court over Appellant's objection was one taken of Paz by the defense counsel with a deputy prosecutor present. This was properly ordered published by the trial court. By contrast, the conversation of Paz and the deputy prosecutor memorialized by the notes of the deputy prosecutor were taken before the deposition and were considered by the trial court to be protected by the work product privilege. *See State ex rel. Meyers v. Tippecanoe Superior Court*, (1982) Ind., 438 N.E.2d 989; *Spears v. State*, (1980) 272 Ind. 647, 403 N.E.2d 828. We find that the trial court did not act improperly considering the nature of the documents in question and the purposes for which they were utilized by both parties.

Appellant next alleges that in approximately twelve of its rulings the trial court improperly sustained prosecution objections and/or improperly overruled defense objections and that in doing so, the trial court denied him a fair trial. Appellant's allegations in this regard, however, are generally set out and he fails to cite pages of the record on which these alleged errors are disclosed. We will not search the record to determine whether or not these rulings took place and if they were as prejudicial to Appellant as he claims. We therefore consider any error waived. Ind. R.App.P. 8.3(A)(7). Furthermore, the trial court has the responsibility to manage and control the proceedings before it and is given wide latitude and discretion in carrying out this duty. *Pitman v. State*, (1982) Ind., 436 N.E.2d 74. We accordingly defer to the trial court's discretion absent an affirmative showing of abuse.

Appellant's next contention is that the State violated the mandates of the United States Supreme Court by failing to inform him in its discovery response of certain matters which allegedly affect the credibility of Officer Lawson. *See Brady v. Maryland*, (1963) 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215. *Brady* required that an accused be given evidence which is favorable to him if that evidence is material to his own guilt. One of the "violations" argued by Appellant is that the State knew that Lawson was a drug addict which information should have been disclosed to Appellant. In support of this allegation, Appellant presented a newspaper clipping which reports that Lawson was involved in an accidental shooting during a police action and was undergoing treatment for a drinking problem. This Court recognized that a conviction may be reversed on constitutional grounds when the police destroy or withhold material evidence. *Birkla v. State*, (1975) 263 Ind. 37, 323 N.E.2d 645, *cert. denied* 423 U.S. 853, 96 S.Ct. 99, 46 L.Ed.2d 77. Citing *Brady*, this Court stated in *Birkla*:

"[T]he duty of the prosecutor *vis-à-vis* a defendant's right to fair trial commences when the citizen is charged. Thus, a suppression by the prosecution of evi-

dence favorable to an accused upon request violates due process when the evidence is material either to guilt or punishment, irrespective of the *bona fides* of the prosecution."

*Birkla*, 263 Ind. at 42, 323 N.E.2d at 648. This Court also has held that evidence of a police officer's activity with drug trafficking unrelated to the specific case was not admissible regarding an entrapment defense. *Drollinger, supra.* That is to say that *Brady* is not violated absent a showing that the State withheld evidence relevant to Appellant's guilt.

Appellant further argues that the State's failure to produce Dennis Paz at trial violated the dictates of *Ortez v. State*, (1975) 165 Ind.App. 678, 333 N.E.2d 838, *trans. denied.* In *Ortez*, the Court of Appeals found the State acted improperly by using an informant to establish the illegal transactions for which *Ortez* was charged and then directing the informant to leave town so that he would not be available to *Ortez.* There, the State refused to produce a material witness even for a deposition by the defendant. In this case it appears that the whereabouts of Paz was unknown by anyone during trial and he was not produced by the State. Paz was deposed twice, however, and in each deposition he supported the State's case. There is no showing that the State in any way colluded with Paz to have him conceal himself so that he would not be available for trial or that the content of his testimony would be unavailable to Appellant since Appellant was able to depose him on more than one occasion. Furthermore, Paz's testimony in his depositions corroborated that of Lawson who did testify and it therefore does not appear that Appellant suffered the same prejudice recognized by the Court of Appeals in *Ortez.*

Appellant claims that although any of the irregularities he points out may not amount to reversible error standing alone, they gain the stature of reversible error when taken together. We find no reversible error in any of the issues whether standing alone or taken together. *See Na-*

*pier v. State*, (1983) Ind., 445 N.E.2d 1361, *reh. denied.*

## IV

Appellant tendered his instruction 5 proposing to have the jury instructed that since the State had failed to produce Dennis Paz at trial, the jury should infer that Paz's testimony would have been unfavorable to the State. The trial court refused the tendered "missing witness" instruction which is not generally favored in Indiana. *Hedrick v. State*, (1982) Ind., 430 N.E.2d 1150; *Bruce v. State*, (1978) 268 Ind. 180, 375 N.E.2d 1042, *cert. denied* 439 U.S. 988, 99 S.Ct. 586, 58 L.Ed.2d 662. An instruction calling for an adverse inference to be drawn from the failure to produce certain evidence is appropriate only where the evidence withheld is material to the trial issues and not cumulative. *Hedrick, supra; Bruce, supra.* There is no such showing here.

Finding no error, we affirm the trial court.

GIVAN, C.J., and DeBRULER and PRENTICE, JJ., concur.

HUNTER, J., not participating.