**Juan PATTON, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 1185S491.

Supreme Court of Indiana.

July 22, 1986.

Aaron E. Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

In a trial submitted to the court without a jury, appellant was convicted of Burglary, a Class C felony, and Theft, a Class D felony, and was found to be an habitual offender.

Appellant claims the trial court erred in trying him without a jury with no showing in the record that he waived his right to a jury trial. In one place in the record it states that by agreement of the parties the cause is set for court trial. In another place in the record, it is stated that appellant asked for a continuance of the court trial and that by agreement of the parties the cause is set for a court trial. However, there is nothing in this record to indicate that appellant personally waived his right to a jury trial. This Court cannot determine from the record whether there was an effective waiver of this fundamental right.

As pointed out by the State, it is true that appellant did not object to going to trial without a jury, nor did he raise the question in his motion to correct error. However, as stated in *Doughty v. State* (1984), Ind., 470 N.E.2d 69, the right to a trial by jury is fundamental to the American scheme of justice. There is no showing that the trial court elicited a personal waiver either in writing or in open court of appellant's right to a trial by jury. We have no choice but to reverse and remand the case to the trial court either for a trial by jury or for an express waiver of such trial reflected in the record.

The cause is therefore reversed and remanded to the trial court for further proceedings.

All Justices concur.