Juan PATTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 1185S491.

Supreme Court of Indiana.

Dec. 19, 1986.

Rehearing Denied Feb. 25, 1987.

Aaron E. Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Lisa M. Paunicka, Deputy Atty. Gen., Indianapolis, for appellee.

## SUPPLEMENTAL OPINION

GIVAN, Chief Judge.

On July 22, 1986, we rendered a decision in this case and observed that the record failed to show that appellant personally waived his right to trial by jury. *Patton v. State* (1986), Ind., 495 N.E.2d 534.

The cause was therefore remanded to the trial court either for a trial by jury or for an express waiver of such trial reflected in the record. The trial court complied with our mandate by forwarding to this Court a certified copy of the proceedings previously held in this cause but for some reason not certified with the original record.

■ We find that these proceedings clearly demonstrate to our satisfaction that appellant was fully advised of his right to trial by jury and did expressly waive such right. We will therefore consider the other matters raised in this appeal.

Appellant contends the trial court abused its discretion when it admitted into evidence, over objection, State's Exhibit No. 31, a tape recording of sounds transmitted by Sonatrol microphones inside the Rent-a-Center appliance store on January 30, 1984. A voice can be heard in the background. Appellant argues the tape recording was erroneously submitted to the jury because it was largely inaudible. He cites *Lamar v. State* (1972), 258 Ind. 504, 282 N.E.2d 795.

Alice Locke, office manager of Sonatrol, explained that the alarm system installed was equipped with sensitive microphones which automatically trigger speakers when threatening sounds occur on the protected premises. The operator on duty is able to listen to the sounds transmitted and identify the customer and location of the premises. If the operator determines that a criminal act is occurring, a tape recorder is also activated. Locke further testified that she listened to the tape recording offered into evidence and believed it to be audible.

■ We do not require that every word be intelligible. We only require that, taken as a whole, the tape recording be of such clarity and completeness to preempt speculation in the minds of the jurors as to its content. *Hobson v. State* (1984), Ind., 471 N.E.2d 281. Wide discretion is given to the trial court as to whether the guidelines in *Lamar* have been met. *Hobson, supra; Winningham v. State* (1982), Ind., 432 N.E.2d 24.

■ We find no error in the trial court's ruling to admit the exhibit.

Appellant also argues the exhibit should have been excluded since the operator on duty who overheard the sounds did not testify as to the authenticity of the tape recording.

■ Appellant's argument on this issue is deemed waived. The record shows that appellant did not raise this issue in his Motion to Correct Error. The failure to properly raise an issue in a motion to correct error generally results in a waiver of the right to have the question considered on appeal. Ind.R.Tr.P. 59(D)(2); *Lowery v. State* (1985), Ind., 478 N.E.2d 1214.

Appellant contends the trial court erred by admitting into evidence certain incriminating remarks appellant had made to Officer Fishburn after his arrest. Appellant asserts these statements should have been excluded because they were given without a voluntary waiver of his *Miranda* rights.

Officer Fishburn testified that he orally advised appellant of all his *Miranda* rights but that these warnings were never reduced to written form. At no time did appellant request counsel or indicate a desire to remain silent.

■ An express written or oral waiver of rights is not necessary to establish a waiver. *Shelton v. State* (1986), Ind., 490 N.E.2d 738. The question of whether or not there has been a valid waiver of *Miranda* rights is controlled by determining, from the totality of the circumstances, whether the defendant, after being advised of such rights, voluntarily chooses to forego them. *Brown v. State* (1979), 271 Ind.

129, 390 N.E.2d 1000. We review the validity of a waiver as we do other sufficiency matters. *Smith v. State* (1986), Ind.App., 497 N.E.2d 601. We do not weigh the evidence, but rather determine whether there was substantial evidence of probative value to support the trial court's finding. *Brown, supra.*

■ Appellant's remarks to Officer Fishburn, after a proper advisement of rights, were unsolicited and volunteered. There was no evidence that appellant was threatened or improperly influenced in any way by the police.

We find there is substantial evidence of probative value to support the trial court's determination that appellant voluntarily waived his *Miranda* rights. Thus the trial court did not err in admitting appellant's incriminating remarks.

Finally, appellant contends the State failed to provide sufficient evidence of prior convictions to support the finding that he is an habitual offender. Specifically, appellant argues the State did not prove he is the same Juan M. Patton named in the records used to prove past felony convictions.

■ In its brief the State takes the position appellant has waived this issue because he did not raise it in his motion to correct error; however, the State overlooks Ind.R.Tr.P. 50(A)(5) which provides that it is not necessary to raise a question of sufficiency of the evidence in the motion to correct error in a criminal case. Such issue may be raised for the first time on appeal.

To support the allegations of prior convictions of appellant, the State submitted evidence of court records of three prior convictions and records from the Department of Correction showing the incarceration of appellant. Appellant concedes that one of the three convictions was adequately established; however, he claims that in the other two convictions there was no connection shown between the evidence of his incarceration by the Department of Correc-

tion and the convictions established by the records from the trial court.

In the conviction from Marion Superior Court, Criminal Division, Cause CR73–76C, the evidence shows that one Juan Patton, eighteen years of age, was sentenced to a one (1) to ten (10) year term for theft of a motor vehicle. The commitment on said conviction was dated July 23, 1973. The record from the Department of Correction shows that on the 24th day of July 1973, one Juan Patton, whose date of birth was December 3, 1954, was received by the department on a charge of vehicle taking with a one (1) to ten (10) year sentence. The record of the Department of Correction included fingerprints and a photograph of appellant.

 The fact that the exhibit submitted by the State failed to establish a direct connection between the Department of Correction record and the court records goes to the weight of the evidence not its admissibility. The question of the identity of appellant was a factual matter to be determined by the trial court. We hold the evidence was sufficient to support the trial court's finding that appellant was the same person who had been convicted in that case and incarcerated by the Department of Correction pursuant to that conviction.

In Marion Superior Court, Criminal Division, Cause CR80–175B, appellant claims that the commitment to the Department of Correction was entered on June 24, 1981, whereas the court's minute sheet entry in that same case shows that it was entered on October 5, 1982. Further examination of the record reveals that appellant was in fact received by the Department of Correction on this same charge on July 9, 1981. We find no explanation in the record why the court's minute sheet bears a date more than a year later than appellant's commitment and reception by the Department of Correction. Here again this is a matter of evidence to be weighed by the trial court. The discrepancy in dates obviously raises a potential for conflicting evidence; however, notwithstanding the date on the minute sheet of the court the record otherwise clearly establishes that appellant had been convicted and sentenced to the Department of Correction for the crimes of burglary and theft in 1981. We therefore hold the evidence in this record is sufficient to establish three prior convictions of appellant, any two of which would be sufficient to support the charge of habitual offender.

The trial court is affirmed.

All Justices concur.