Lawrence P. FUNDUKIAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8704–CR–393.

Supreme Court of Indiana.

May 24, 1988.

Nancy M. Tiller, Tiller & Associates, Merrillville, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in a finding of guilty of two counts of Dealing in Heroin. The trial court set aside the conviction on the first count because the State failed to produce a confidential informant. He refused, however, to set aside the conviction on the second count and sentenced appellant to fourteen (14) years imprisonment thereon. Appellant's motion to correct error was denied on December 18, 1984; no appeal, however, was taken at that time. Appellant subsequently filed a petition to be permitted to file a belated appeal, which was granted, and this appeal was filed April 21, 1987.

The facts are: On October 26, 1983, Dennis Trigg, an Indiana State Police Officer, was working undercover in Hammond, Indiana, with a confidential informant and surveillance officers making narcotics purchases. At approximately 2:00 p.m., they went to Harrison Park in Hammond where they met appellant for the purpose of making a heroin purchase. Appellant asked Trigg how much he wanted and arrangements were made for a one gram purchase for $125. Appellant asked Trigg several times if he were a cop which Trigg denied. Appellant asked Trigg how long he had been using heroin and wanted to see the needle marks on his arm. He stated he had to be careful and wanted to make sure Trigg was not a cop. During this questioning by appellant, Trigg stated four or five times for him to just give the money back and the deal was off. However, appellant said no, that he would carry out the trans-

action. He told Trigg to meet him back there in forty-five minutes.

In approximately an hour, they again met in the park and the transaction was completed. It was this transaction which constituted the charge in Count I, which was set aside by the trial judge for failure of the State to produce the confidential informant who had set up the transaction.

On January 25, 1984, the confidential informant telephoned appellant at his Illinois home and stated he wished to purchase more heroin. Trigg, the confidential informant, and the surveillance officers went to the Firehouse Tap in Hammond about 5:45 p.m. There they met appellant and made arrangements to purchase another gram of heroin for $125. Appellant asked Trigg how the previous stuff had been, and Trigg told him it was good. Appellant told them it would take about forty-five minutes. The confidential informant left.

Appellant returned in about forty-five minutes, handed Trigg an unsealed cigarette pack, and told Trigg the weight was a little bit light and that he would either give him $5 back or make it up in a later purchase. Trigg told him to make it up later. Subsequent laboratory analysis revealed that the substance in the cigarette package was heroin in the amount of one gram. It was also 3.4 percent pure.

■ Appellant claims there is insufficient evidence to support the verdict of the jury, in that the State failed to show that appellant was not entrapped. Appellant takes the position that since the confidential informant called appellant at his home in Illinois and asked him to deliver heroin in Indiana, this constituted entrapment. Appellant contends there is no evidence that he had the predisposition to deal in heroin but was induced to do so entirely by the police and the confidential informant. He cites *Henrichs v. State* (1983), Ind., 455 N.E.2d 599 to support his argument.

He also cites *Gray v. State* (1967), 249 Ind. 629, 231 N.E.2d 793 and claims the *Gray* case closely parallels the facts in his case. In *Gray*, the Court held the plan originated entirely with the officers and that there was no evidence that appellant

would have committed the act but for inducement by the officers. We do not perceive that appellant's case parallels the *Gray* case in any respect.

Appellant's predisposition may be established by circumstantial evidence. *See Scruggs v. State* (1985), Ind.App., 475 N.E.2d 1194. Under Ind.Code § 35–41–3–9, the defense of entrapment is two-pronged. It is a defense only if: 1) the accused's conduct was the product of a law enforcement officer using persuasion or other means likely to cause the accused to engage in the conduct; and 2) the accused was not predisposed to commit the offense.

In the case at bar, we see ample evidence to show appellant's predisposition. Appellant had previously sold heroin to Officer Trigg and the confidential informant on October 26, 1983. It is true the initial contact was made by the confidential informant on January 25, 1984; the sole request made, however, was to place an order with appellant for another delivery. Appellant demonstrated willingness to complete the transaction, demonstrated knowledge of the weighing system, and the price to be charged for the heroin. His inquiry of Trigg as to the quality of the stuff he had delivered previously indicated knowledge of the business and an intention to continue supplying Trigg with heroin. He gave further evidence of this propensity when he asked Trigg if he wanted $5 back or credit toward a future order. This record is replete with evidence demonstrating that appellant was a drug dealer and that all the police did was to supply him the opportunity to ply his trade. We find no merit in appellant's contention of entrapment.

■ Appellant claims the trial court erred in failing to require the production of the confidential informant as a necessary and material witness for appellant and also committed error in failing to grant appellant's motion for judgment notwithstanding the verdict on Count II. As above set out, the trial judge did sustain appellant's motion for judgment notwithstanding the verdict on Count I because of the major part the confidential informant played in that

transaction and the fact that the confidential informant was not available. However, in the second transaction, the only part the confidential informant played was to place the order for the heroin with appellant. Following that, the transaction was carried out entirely with Officer Trigg. In fact, the confidential informant had left the premises before appellant returned to make delivery of the heroin.

■ An exception to the rule that a defendant is entitled to discovery as to the State's witnesses is the identity of an informant. For obvious reasons, the informant and the State are afforded the protection of nondisclosure unless appellant can clearly demonstrate that the identity of the informer or the content of his communication is relevant and helpful to his defense or is essential to the fair determination of the cause. *Randall v. State* (1983), Ind., 455 N.E.2d 916.

The confidential informant's minimal participation in the second purchase of heroin fails to demonstrate any necessity to have his identity disclosed or to require his testimony at trial. In addition, it was pointed out that at the time of appellant's trial the State informed the court that the confidential informant was somewhere in California, that his exact whereabouts were unknown, and that they were not in a position to get in touch with him. Under such circumstances, the trial court did not err in refusing to force the State to produce the confidential informant. *Gossmeyer v. State* (1985), Ind., 482 N.E.2d 239.

Appellant claims the State did in fact know the whereabouts of the confidential informant because he was produced at a later time in another trial in Lake County. The fact that he was produced at a later time in no way establishes proof that he was available to the State at the time of appellant's trial. It was not error to fail to produce the confidential informant nor was it error for the trial judge to deny appellant's motion for judgment notwithstanding the verdict on Count II.

The trial court is affirmed.

SHEPARD, C.J., and PIVARNIK, J., concur.

DeBRULER, J., concurs in result without separate opinion.

DICKSON, J., dissents without separate opinion.