James R. RUTLEDGE, Appellant,

v.

STATE of Indiana, Appellee.

No. 26S00–8706–CR–624.

Supreme Court of Indiana.

July 8, 1988.

Timothy R. Dodd, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of two counts of Felony Murder for which he received two forty (40) year sentences to be served concurrently.

The facts are: On July 3, 1986, the Riddle Apartment Building in Princeton, Indiana, burned. Residents Juanita Pearl Wilkins and Charles Cullivan both died of carbon monoxide poisoning caused from smoke inhalation. Several investigators testified that the fire was caused by arson, in that a flammable liquid was poured on the floor of the building and ignited.

Ronald Jackson, a resident of the apartment building, testified that appellant showed him small gifts he planned to give Wilkins. There was evidence appellant was in love with Wilkins.

About an hour before the fire department was called, a police officer saw appellant in the front doorway of the apartment building holding a flaming rag. He and a woman were having a conversation until he saw police across the street. At that time, he walked to an alley where police found the smoldering rag.

Appellant later gave a statement to police in which he said another resident of the building was interfering with his relationship with Wilkins. He lit the rag and threatened to burn the building to scare her away.

Joseph Silver testified that he and appellant were cell mates in the Gibson County Jail. Appellant told Silver the fire started under the steps with a gasoline rag.

While appellant and Silver were sharing a cell they were visited by Everett DeFur, a member of the Gideons International organization. As a Gideon, DeFur periodically visited jails to talk with inmates about the Bible and being forgiven for their sins. During a conversation with Silver and DeFur, appellant stated that he was responsible for the death of two people. Silver heard him tell DeFur that he didn't actually kill the victims but he did start the fire.

Appellant argues that his confession to DeFur was erroneously admitted because it was given in the absence of a *Miranda* advisement and assistance of counsel, violating his Sixth Amendment right.

The Sixth Amendment guarantees an accused the right to counsel at all critical stages of prosecution. *United States v. Wade* (1967), 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149. Appellant relies upon *Massiah v. United States* (1964), 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246, which held that a defendant's right to counsel is violated when the government intentionally creates a situation likely to induce an incriminating statement from a charged defendant in the absence of counsel. Appellant asserts that because a special agreement existed between the Gideons and the police and because DeFur elicited a confession from him, police wrongfully used a civilian to obtain his confession.

The evidence shows that the sheriff allowed the Gideons to visit inmates on Tuesdays between 7:00 and 8:00 p.m., which was after usual visiting hours. There is no evidence of any other agreement between police and the Gideons. After appellant made the inculpatory statement to DeFur, over two months passed before DeFur related it to police because he thought it was merely a conversation and not a confession. It was not until Silver told police about the confession that DeFur was asked to corroborate Silver's story.

The evidence fails to establish that DeFur was acting as an agent for the State when he heard appellant's confession. *Miranda* safeguards apply only to custodial interrogation conducted by law enforcement officers. *Whitehead v. State* (1987), Ind., 511 N.E.2d 284, *cert. denied* (1988), —— U.S. ——, 108 S.Ct. 761, 98 L.Ed.2d 773.

**328**

Appellant's confession was not a result of police interrogation. The Sixth Amendment is not violated when a passive listener merely collects, but does not induce, incriminating statements. *Dier v. State* (1982), Ind., 442 N.E.2d 1043. Because appellant's confession was not a result of custodial police interrogation, we find no violation of his Sixth Amendment or *Miranda* rights.

■ Appellant contends that his confession was inadmissible under Indiana's clergyman privilege statute, Ind.Code § 34-1-14-5. Appellant asserts that because DeFur was a spiritual leader in whom he confided DeFur was not a competent witness under the statute. DeFur testified that he is a farmer who belongs to Gideons International, a group of businessmen who also pass out the word of God. They present to prisoners a plan of salvation but they do not encourage them to make confessions. DeFur stated that the organization is comprised of businessmen of all denominations and is not affiliated with any church.

From this evidence, we cannot find that DeFur is a "clergyman" within the precept of Ind.Code § 34-1-14-5. Therefore, appellant's confession was properly admitted.

■ Appellant also argues the trial court abused its discretion when it refused to grant an additional five minutes for *voir dire* examination.

Appellant moved for relief from the written order which limited *voir dire* to twenty minutes per side, requesting an additional five minutes for further questioning. The court refused to give appellant more time because he already had taken fifty minutes for *voir dire* while the State took twenty-five minutes. Appellant replied that he wanted to ask the prospective jurors whether they knew anyone on the witness list or if they had heard anything about the case. The trial court then asked the prospective jurors these questions, and they said no.

The trial court is given broad discretionary power to regulate the form and substance of *voir dire*. We have held that a twenty-minute limitation on *voir dire* does

not amount to an abuse of discretion. *Whitehead, supra.* To establish error in the regulation of *voir dire*, appellant must show that an abuse of discretion rendered a fair trial impossible. *Gossmeyer v. State* (1985), Ind., 482 N.E.2d 239.

In view of the fact that appellant received a thirty-minute extension of time and the answers to his questions, we find no abuse of discretion in the denial of his request for a further extension of time.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and PIVARNIK, JJ., concur.

DICKSON, J., concurs in result without separate opinion.