William CROCKER, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 09A02–9004–CR–215.

Court of Appeals of Indiana,
Third District.

Dec. 3, 1990.

Eugene C. Hollander, Indianapolis, Ind., for appellant.

Linley E. Pearson, Atty. Gen., Ian A.T. McLean, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Presiding Judge.

Defendant-appellant William Crocker appeals his conviction of dealing in marijuana, a Class C felony.

The facts relevant to this appeal disclose that on July 27, 1988, Carl Overstreet, a paid confidential informant, told Sergeant Michael Wheeler that he had talked to a Rick Arion regarding purchasing marijuana. Arion told Overstreet to meet him at the home of appellant William Crocker.

Appellant's house was located at 723 Fifteenth Street in Logansport, Indiana. His house was diagonally across the street from the Tipton Elementary School. When Overstreet arrived at appellant's house, he spoke with Arion. The two men agreed to meet later at appellant's house again to exchange money for the marijuana. However, Arion told Overstreet that if he was not there when Overstreet returned, Overstreet should give the money to appellant who would give him the marijuana. Before Overstreet left he saw Arion give a package of marijuana to appellant, who put it on the kitchen table.

Overstreet then left appellant's house and called Sergeant Wheeler. The two men met and Wheeler searched Overstreet and his vehicle. Wheeler then gave Overstreet $50.00 and put a one-way transmitter on Overstreet.

When Overstreet returned to appellant's house, Arion was not present. Appellant expressed his uncertainty as to the price Arion was charging for the drug, but a friend of appellant's informed him that Arion wanted $45.00 for the quarter-ounce of marijuana.

Overstreet gave appellant $45.00 and appellant gave Overstreet the package of marijuana on the kitchen table. The police lab showed that the package contained a quarter-ounce of marijuana.

Appellant then asked Overstreet for a marijuana cigarette. After Overstreet had given him the cigarette, appellant asked Overstreet to forward him another cigarette on credit until the following Monday.

Appellant was found guilty of dealing in marijuana, a Class C felony.

The following issues have been raised by appellant:

(1) whether the trial court erred in granting the State's motion for continuance;

(2) whether there is sufficient evidence;

(3) whether the trial court impermissibly curtailed defendant's cross-examination;

(4) whether the trial court erred in refusing to allow the jury to consider the tape recording of the transaction; and

(5) whether defendant received ineffective assistance of counsel.

## I.

Appellant claims that the trial court erred in granting the State's request for a continuance. On the trial date, October 30, 1989, the parties appeared for trial. However, Carl Overstreet, a witness for the State, did not appear. The State asked for a continuance which was granted.

Pursuant to IND.CODE § 35–36–7–2 (1988 Ed.),

"(a) A prosecuting attorney may move to postpone the trial of a criminal cause because of the absence of a witness whose name is endorsed on the indictment or information, if he makes an official statement:

(1) containing the requirements of subsections (b)(1) and (b)(2) of section 1 of this chapter;

(2) showing that the absence of the witness has not been procured by the act of the prosecuting attorney;

(3) stating the facts to which he believes the witness will testify, and include a statement that he believes these facts to be true; and

(4) stating that the prosecuting attorney is unable to prove the facts specified in accordance with subdivision (3) through the use of any other witness whose testimony can be as readily procured.

Upon request of the defendant the court shall order that the prosecuting attorney's motion and official statement be made in writing.

(b) The trial may not be postponed if:

(1) after a motion by the prosecuting attorney because of the absence of a witness, the defendant admits that the absent witness would testify to the facts as alleged by the prosecuting attorney in his official statement in accordance with subsection (a)(3); or

(2) after a motion by the prosecuting attorney to postpone because of the absence of written or documentary evidence, the defendant admits that the written or documentary evidence exists."

Subsections (b)(1) and (b)(2) of section 1 require the prosecutor to show the name and address of the witness, if known, and indicate the probability of procuring the witness's testimony within a reasonable time. IND.CODE § 35–36–7–1 (1988 Ed.).

The prosecutor stated that Carl Overstreet, a witness whose name is endorsed on the information, was not there. The prosecutor told the court that Overstreet would testify to the same effect as his deposition testimony and then elaborated on this testimony. He also told the court that he believed Overstreet's evidence would be true. The prosecutor sufficiently demonstrated that he would be unable to prove the facts to which the witness would testify through the use of any other witness. The defendant refused to stipulate that the witness would testify to the facts as alleged by the prosecuting attorney.

The State failed to show the address of the witness, if known. The prosecutor told the court that it was "uncharacteristic of Mr. Overstreet" to not appear; he personally notified him; and he paid him the required witness fee ahead of time. Although these statements prove that the absence of the witness had not been procured by the act of the prosecuting attorney, the appellant argues that it is not a sufficient indication that Mr. Overstreet could be procured to testify within a reasonable time.

■ IND.CODE § 35–36–7–2 does not restrict the trial court's discretionary powers. *Bates v. State* (1988), Ind.App., 520 N.E.2d 129, 131.

"Instead it merely compels the granting of a continuance under certain clearly delineated circumstances. In general, when such a motion for continuance is not based upon statutory grounds or is not made in compliance with the statute, the granting of a continuance lies within the broad discretion of the trial court and will not be reversed on appeal absent an abuse of discretion prejudicing the complaining party." *Id.*

Thus, it was within the trial court's discretion to grant the continuance although the State failed to produce Overstreet's address, if known, and although the prosecutor's statements may not have been sufficient to show that Overstreet could be procured within a reasonable time. There was no abuse of discretion here. The defendant made no showing that he was in any way prejudiced by the granting of the continuance.

## II.

The appellant contends that there is insufficient evidence to sustain the conviction. Specifically, he is claiming that the State did not present sufficient evidence to rebut entrapment and that the State failed to prove that the sale occurred within 1,000 feet of a school.

"In any review for sufficiency, we do not reweigh the evidence or judge the credibility of witnesses. We consider only the evidence most favorable to the verdict and any reasonable inferences which may be drawn from that evidence. When substantial evidence of probative value supports the verdict, the finding of the trier of fact will not be disturbed." *Adamov v. State* (1989), Ind., 536 N.E.2d 281, 283.

■ The appellant alleges that he was only a middle man in the transaction; he had no prior contacts with Overstreet; Overstreet was planning to deal with Arion; he had no predisposition to deal in drugs; he did not even know the price of the drug; and he only possessed 5.1 grams of marijuana, enough for personal use. The State, in turn, must introduce evidence which tends to show the level of police activity did not persuasively affect the free will of the accused and the accused was predisposed to commit the offense. *Collins v. State* (1988), Ind., 520 N.E.2d 1258, 1260.

"Entrapment exists when a government agent or someone working for the agent persuades the defendant to commit the crime charged. *Hudgins v. State* (1983), Ind., 443 N.E.2d 830, 832. The question of entrapment is one of fact and must be determined by the jury after weighing the evidence presented to them [sic]. This court reviews the question as we review all other matters of sufficiency; we neither reweigh the evidence nor judge the credibility of witnesses. *Gossmeyer [v. State* (1985), Ind.,] 482 N.E.2d [239] at 241; *Hudgins,* 443 N.E.2d at 832." *Id.*

■ The evidence presented at trial shows that Overstreet and Arion made arrangements for the deal at appellant's house. Arion then told Overstreet that if he was not at appellant's house when Overstreet returned, Overstreet should give the money to appellant and appellant would give Overstreet the marijuana. Overstreet witnessed Arion give the marijuana to appellant. When Overstreet returned to appellant's house, Arion was not present. Appellant told Overstreet that he did not know how much *Arion* was charging for the marijuana. After the price was established, appellant gave the marijuana *to* Overstreet in return for the money. Furthermore, appellant knew enough about dealing to know it was common for a buyer to give cash or a little bit of drugs to the person helping with the deal since appellant asked Overstreet for a marijuana cigarette. In fact, appellant asked Overstreet to give him another marijuana cigarette on credit. This evidence negates the possibility that Overstreet persuaded appellant to participate in the deal.

■ The appellant was convicted of dealing in marijuana, a Class C felony.

"(a) A person who:
(1) knowingly or intentionally:
(A) manufactures;
(B) finances the manufacture of;

(C) delivers; or

(D) finances the delivery of;

marijuana, hash oil, or hashish, pure or adulterated;

\* \* \* \* \* \*

commits dealing in marijuana, hash oil, or hashish, a Class A misdemeanor, except as provided in subsection (b).

(b) The offense is:

\* \* \* \* \* \*

(2) a Class C felony if:

\* \* \* \* · \* \*

(B) the person:

(i) delivered; or

(ii) financed the delivery of:

marijuana, hash oil, or hashish in or on school property or within one thousand (1,000) feet of school property or on a school bus." IND.CODE § 35–48–4–10 (1990 Supp.).

Appellant complains that the evidence was not sufficient to prove he committed the offense within 1,000 feet of school property. However, the State presented the following evidence:

1) a map made by a registered surveyor was admitted showing that the distance between Tipton School and appellant's property line is 144 feet and 46 inches;

2) Sergeant Wheeler testified that the Tipton School was "directly or diagonally across the street from Mr. Crocker's residence"; and

3) the appellant gave the following testimony:

"[Prosecuting Attorney:] Q Do you know where Tipton School is?

[Appellant Crocker:] A Yes. It's catty-cornered across the street from my house.

Q Is it within a thousand feet?

A Probably a lot less.

Q It's probably just about a hundred and fifty feet?

A Yeah, just about. It's a hop, skip and a jump."

This evidence sufficiently proved that appellant's house was within 1,000 feet of the school.

■ There is sufficient evidence to prove appellant delivered marijuana within 1,000 feet of a school. Appellant points out in his brief that "at best, he only acted as a middle man [sic] in this transaction." However, under IND.CODE § 35–41–2–4 (1988 Ed.) appellant may still be convicted for delivering the marijuana if he was knowingly or intentionally aiding Arion in delivering the marijuana. This statute provides:

"A person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense, even if the other person:

(1) has not been prosecuted for the offense;

(2) has not been convicted of the offense; or

(3) has been acquitted of the offense."

The trial court properly gave a final instruction on this subject, which tracked the above statute.

### III.

The appellant argues that the trial court improperly curtailed his cross-examination of the paid-informant, Overstreet. It has been held that a trial judge has discretion to determine the scope of cross-examination, and only a clear abuse of that discretion warrants reversal. *Fassoth v. State* (1988), Ind., 525 N.E.2d 318, 322.

"[O]nly a total denial of cross-examination on an area concerning a witness's credibility will amount to a constitutional denial of the right to cross-examination. Any less than a total denial of cross-examination is viewed as within the discretion of the trial court to regulate the scope of cross-examination." *Id.* at 322–323.

Furthermore, as to impeachment of a witness:

"[O]nly those convictions for crimes involving dishonesty or false statement shall be admissible for the purpose of impeaching the credibility of a witness. The crimes of treason, murder, rape, arson, burglary, robbery, kidnapping, forgery, and willful and corrupt perjury however, render a witness incompetent

to testify and thus may be used to impeach a witness. [*Ashton v. Anderson* (1972), 258 Ind. 51, 279 N.E.2d 210].... It is improper to permit cross examination of a witness regarding past bad acts, drug related offenses, or even convictions, if the import of such evidence is directed only to a general assessment of the credibility and character of the witness." *Johnston v. State* (1988), Ind., 517 N.E.2d 397, 401.

■ First, appellant contends that the trial judge erred in disallowing a question that sought Overstreet's opinion as to whether appellant's asking for a marijuana cigarette indicated that appellant did not own the bag of marijuana. However, ownership of the drug is irrelevant to a conviction under IND.CODE § 35-48-4-10 (1988 Ed.). The trial judge correctly sustained the State's objection.

The appellant then argues that the trial court objected to his asking the witness about a habitual traffic offender charge. A review of the record discloses that the trial judge sustained the State's objection and simply required defense counsel to first establish that Overstreet would be liable for this charge. After defense counsel established that he was liable for such charge, he was allowed to proceed with his questioning.

■ During defense counsel's questioning of Overstreet as to whether he was cooperating with the police in order to receive some consideration for the habitual traffic offense, the State objected. The trial court did not rule on this objection and defense counsel finished questioning Overstreet on this subject. Appellant contends, however, that since the trial judge did not rule "the jury was thus left with the inaccurate impression that the defendant's questioning of the witness regarding the matter was improper." Although the trial judge should have ruled on the objection, any error in this regard is harmless. The jury very well could have regarded the judge's silence as an indication of contempt for the prosecutor's interruptions.

■ Finally, the appellant avers that he was not allowed to adequately explore Overstreet's prior drug usage. However, defense counsel's overbroad inquiries into Overstreet's prior drug usage were properly disallowed. A witness's drug abuse would be pertinent only as to the witness's ability to recall events on the dates in question had he been using drugs at that time, or if the witness was on drugs at trial, or if drug abuse was so extensive as to impair the witness's mind. *Stonebraker v. State* (1987), Ind., 505 N.E.2d 55, 59. Although the quoted portion of the transcript in the appellant's brief makes it appear that he could not inquire into Overstreet's drug abuse at all, a review of the record shows that when defense counsel narrowed his questions so that they pertained to admissible evidence, there were no objections made. For instance, defense counsel was permitted to ask Overstreet if he ingested any marijuana on the day of the buy to which Overstreet replied that he did not. There is no evidence that the trial court improperly curtailed cross-examination.

## IV.

On the day of trial, the defendant played the entire tape which had been recorded by Sergeant Wheeler during the transaction. After the tape was played in its entirety, the State moved to strike the tape on the ground that it was inaudible. The court sustained the objection and directed the jury to disregard what it had heard. The court explained to the jury that there were not sufficient intelligible portions on the tape. He further stated that this could potentially cause the jurors to fill in the blanks between the limited portions of the tape. Sergeant Wheeler then testified as to what he heard while he was recording the transaction over defendant's objection.

Admission of a tape is based on a five-part foundation. *Lamar v. State* (1972), 258 Ind. 504, 282 N.E.2d 795. The part in dispute here is the fifth requirement that the tape be of "such clarity as to be intelligible and enlightening to the jury." *Wallace v. State* (1986), Ind., 498 N.E.2d 961, 965.

It has been held that, taken as a whole, the tape recording must be of such clarity and completeness to pre-empt speculation in the minds of the jurors as to its contents. *Patton v. State* (1986), Ind., 501 N.E.2d 436, 438. Whether or not the tape should be admitted is within the discretion of the trial court, and will be reversed only upon an abuse of discretion. *Wallace, supra.*

Upon playing the tape, it is clear that the court did not abuse its discretion in ruling that the tape should not be considered. There are extensive portions of the tape which are not intelligible because of the static and other background sounds. The trial court correctly gave a thorough instruction to the jury telling it to disregard the tape and gave an explanation as to why.

Appellant further complains that Sergeant Wheeler should not have been permitted to testify. However, Sergeant Wheeler did not testify as to what he heard on the tape, but only as to what he actually heard. Sergeant Wheeler was wearing an audio-intercept device that allowed him to listen as the delivery took place while the transaction was recording. There was no error in permitting his testimony.

Finally the appellant argues that the State committed trickery and attempted to make the trial into a game. Appellant believes that the tape could have been heard on a special tape recorder and that the State knew about it but did not disclose this information. There is absolutely no evidence to substantiate this claim. The tape is unintelligible. Sergeant Wheeler and Overstreet were both available to give the same evidence of what was said on the day in question.

## V.

For appellant's last issue, he claims ineffective assistance of counsel. To reverse a conviction for ineffective assistance of counsel, a defendant must show (1) that his counsel's errors were unreasonable, and (2) that these errors prejudice his defense. The defendant must show that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *St. John v. State* (1988), Ind. App., 529 N.E.2d 371, 378.

Appellant asserts that defense counsel failed to pursue an entrapment defense. However, whether or not to argue entrapment is a strategic decision which will not be second-guessed by a reviewing court. *Garcia v. State* (1988), Ind., 517 N.E.2d 402, 404. Moreover, as discussed in Issue II, there is no evidence of entrapment.

Appellant claims that trial counsel failed to argue in his motion for directed verdict that the State had failed to establish that the transaction occurred within 1,000 feet of school property. He also believes that trial counsel should have tendered an instruction to the effect that if the jury did not find the existence of this element he could be convicted for a Class A misdemeanor. Once again, this was a strategic decision made by trial counsel and this Court will not second-guess that decision. Furthermore, the evidence was overwhelming and the appellant agreed that his house was within 1,000 feet of the Tipton school.

Appellant asserts that trial counsel should have questioned Overstreet about his failure to appear at the original court date, pointed out that he had to be "subpoenaed twice," and that he was being paid to appear. Appellant has not shown that Overstreet's testimony regarding his failure to show would have been detrimental to the State's case or helpful to his own. *See Blackburn v. State* (1988), Ind., 519 N.E.2d 554, 557. Overstreet testified that he was a paid informant and offered other damaging information regarding his personal life. Whether or not defense counsel should have pointed out that Overstreet was being paid or that he had to be subpoenaed twice, was, once again, a strategic decision. Moreover this information pales in comparison to the other information that was elicited from Overstreet regarding his life.

As to appellant's contention that defense counsel should have obtained certified records of prior convictions and pending charges, Overstreet was very forthcoming regarding his past convictions and pending charges. Therefore, there was no reason to obtain certified records.

Appellant complains that trial counsel should have presented medical or other testimony concerning his medical condition and the fact that he is in constant pain which is alleviated by marijuana smoking. Appellant testified to this information at trial but has not shown that this medical or other testimony is available. *Blackburn, supra.* Furthermore, this information is irrelevant to the charge for which he was convicted.

Appellant believes trial counsel should have told the jury that the location of the transaction within 1,000 feet of a school should not be a factor since the informant selected the location. However as discussed in the entrapment issue, defendant was not lured or entrapped into making a delivery at his house.

Appellant argues that trial counsel should have objected to the prosecutor's comments during closing argument. These comments were:

> "Folks, William Crocker is part of the problem in Cass County. And the way we deal with the problem at this point in time is that the jury decides whether or not he's committed the crime...."

No objection was made at trial to these comments. Thus, this issue is waived unless there is fundamental error. *Warriner v. State* (1982), Ind., 435 N.E.2d 562.

> "To rise to the level of fundamental error, an error must constitute a clearly blatant violation of basic and elementary principles, and the harm or potential for harm must be substantial and appear clearly and prospectively." *Reynolds v. State* (1989), Ind.App., 536 N.E.2d 541, 543.

The prosecutor's statements did not implore the jury to find guilt based upon reasons other than the evidence adduced at trial. *Johnson v. State* (1982),

Ind., 436 N.E.2d 796, 797–798. Furthermore, the prosecutor is entitled to express his belief in the guilt of the accused during closing argument. *Robinson v. State* (1986), Ind., 499 N.E.2d 253, 256. No fundamental error was committed.

Appellant asserts that trial counsel should have found a tape player that would have rendered the tape intelligible to the jury. However, as discussed in Issue IV, the tape was not intelligible.

Affirmed.

MILLER, P.J., and GARRARD, J., concur.