**Royal Lynn PEARSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 885S323.

Supreme Court of Indiana.

Dec. 26, 1985.

Aaron E. Haith, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Marguerite M. Swee-ney, Attys. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted in a jury trial of Child Molesting, a Class C felony. He was also found to be an habitual offender. He received an eight (8) year sentence enhanced by thirty (30) years by reason of his status as an habitual offender.

Appellant was a live-in boyfriend of the victim's mother. In June of 1984, the victim, a girl age ten, was at home with her nine-year-old brother and appellant. Her mother had left the home to go to the store. The victim went into the bathroom and shut the door. Shortly thereafter, appellant entered the bathroom without knocking. He forced the victim to perform fellatio. Earlier that afternoon, in the presence of the victim's brother, appellant had "french kissed" the victim. The victim testified that on other occasions, prior to June 11, 1984, the appellant had "put his finger in my uh, my private." She testified that on another occasion, while her mother was sitting next to her, she was required to masturbate appellant.

The victim's mother testified that sometime in June of 1984 the victim complained that "Royal tried to touch me down there." She said she confronted appellant but he denied touching the victim. She testified that she saw appellant "french kiss" the victim and told him to stop. On another

occasion she saw the victim rubbing her hand on appellant's penis and told her not to do that anymore. She also stated that appellant told her he intended to impregnate the victim at age eighteen because the witness could not have any more children.

 Appellant claims the evidence is insufficient to sustain his conviction because the testimony of the prosecuting witness is not of such credibility as to constitute evidence of probative value to establish his guilt beyond a reasonable doubt. He makes the claim that the prosecuting witness' testimony is uncorroborated; however, the record does not support him in this regard. The victim's brother witnessed appellant follow her into the bathroom where one of the offenses allegedly occurred. The brother testified that he witnessed appellant "french kiss" his sister prior to going into the bathroom. The victim's mother testified as stated above.

Even if the prosecuting witness' testimony was uncorroborated, it would be sufficient to sustain appellant's conviction. *Jones v. State* (1983), Ind., 445 N.E.2d 98. This Court will not weigh the evidence or judge the credibility of witnesses. *Brady v. State* (1984), Ind., 463 N.E.2d 471. There is ample evidence of probative value in this case to sustain the verdict of the jury.

Appellant claims there is insufficient evidence to sustain the jury's finding that he was an habitual offender. In the case at bar the State introduced certified court records showing that Royal L. Pearson, a twenty-two year old white male, residing at 1235 East Market Street, was indicted for Assault and Battery with Intent to Rape arising from an offense which occurred on May 14, 1969. The records show he was convicted and subsequently sentenced to serve one to ten years in the Indiana Reformatory.

The State also introduced an Indianapolis Police Department arrest report showing that Royal Pearson, a twenty-two year old white male, residing at 1235 East Market Street, was arrested on May 16, 1969, and charged with Assault and Battery with Intent to Rape. The arrest report also contains a thumbprint and a notation that disposition of the case was a one to ten year sentence. Both the arrest record and the court records show the sentence was ordered on January 15, 1970. A fingerprint expert testified that the thumbprint on the arrest record was the thumbprint of appellant. This evidence was clearly sufficient to support the finding of the jury that appellant was the person involved in that arrest and conviction.

The State also introduced evidence that appellant was convicted in 1977 for Rape. This conviction has not been challenged by appellant. The jury was therefore justified in finding that appellant had twice previously been convicted and sentenced for a felony. There is ample evidence to support the jury's finding that appellant was an habitual offender.

The trial court is in all things affirmed.

All Justices concur.