Leslie L. CLAYTON, Appellant,

v.

STATE of Indiana, Appellee.

No. 385S79.

Supreme Court of Indiana.

April 24, 1986.

Robert Canada, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

A trial by jury resulted in a conviction of Dealing in a Schedule II Controlled Substance, a Class B felony. In addition the jury found appellant to be an habitual criminal. Appellant received a sentence of ten (10) years which was enhanced by thirty (30) years by reason of the habitual criminal status.

The sole issue in this appeal is whether the State presented sufficient evidence to rebut appellant's defense of entrapment.

The facts are: A confidential informant for the Indiana State Police contacted appellant and asked him to sell methamphetamine. On several previous occasions a similar contact had been made but appellant had refused to sell the drugs, claiming that he only had an amount for his own use. However, on the contact in question, appellant agreed to sell the drugs to the informant. The informant and Officer Brownell of the Indiana State Police met appellant at the Metro Car Wash in Evansville. Appellant and the informant then went to a nearby house where appellant obtained four grams of methamphetamine which he delivered to the informant in return for $300 which had been furnished the informant by the State Police.

Appellant and the informant had been friends for some time and had used drugs together. On previous occasions, the drugs had been furnished by appellant; however, he had not charged the informant for the drugs prior to the occasion in question. This Court will not reweigh the evidence nor judge the credibility of the witnesses. *Moore v. State* (1984), Ind., 471 N.E.2d 684.

Appellant having raised the question of entrapment, it was incumbent upon the State to prove beyond a reasonable doubt that appellant's action was not the product of law enforcement officers or their agents and that appellant was predisposed to extend drugs to others in the prohibited conduct. *Moore, supra; Mack v. State* (1983), Ind., 457 N.E.2d 200. The above evidence is sufficient to support the jury's finding that appellant was predisposed to use drugs and to deal in drugs. His prior conduct with the informant was a violation of Ind.Code § 35–48–2–6(d)(2) even though no money had been involved in the prior transactions.

Although the informant had initiated the contact, he merely extended to appellant the opportunity to follow his own predisposition to deal in a controlled substance. We find the evidence in this case is sufficient to support the verdict of the jury and the judgment of the trial court.

The trial court is affirmed.

All Justices concur.