Ray STEWART, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 71S00–8612–CR–1067.

Supreme Court of Indiana.

April 13, 1988.

Paul James Newman, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

This case presents the question whether a defendant who files an alibi notice is entitled to an instruction listing the time of the offense as an element of the crime. We hold he is not.

Appellant Ray Stewart was tried before a jury and convicted of child molesting, a class B felony, Ind.Code § 35–42–4–3(a) (Burns 1985 Repl.). The trial court sentenced him to twelve years imprisonment.

The evidence at trial was that on July 6, 1984, Ray Stewart invited eleven-year-old M.B. to go for a ride in his car. Stewart and M.B. drove around awhile and eventually stopped at a gas station where Stewart gave M.B. two dollars and said "it" was their secret. He then drove M.B. to another gas station where Stewart asked M.B. to follow him into the men's room. Stewart locked the door and performed deviate sexual conduct on M.B. Stewart and M.B. then returned to the car and drove back to M.B.'s house.

M.B. went inside and tearfully told his mother and his cousin, Daniel B., what had happened. M.B. told his mother that he could not go outside and play with other children because he was now "different." M.B.'s mother took him to a counselor, Paul Hartman. Hartman encouraged M.B. and his mother to report the incident to the police even though she expressed reluctance. M.B. and his mother did go to the police after several weeks of counseling but were confused about the date of the occurrence, reporting the date as July 13. Mrs. B. subsequently checked her calendar and identified the date as July 6. M.B.'s cousin Daniel testified that he recalled the date as July 6 because the incident happened on the same day he had received a check for driving a van to Nashville, Tennessee.

## I. Time Not an Element of the Offense

■ Stewart challenges the giving of State's tendered Final Instruction No. 1, which the court modified. He contends that the State's response to his notice of alibi, in which the prosecution alleged that the offense occurred on July 6, required the State to prove that the incident occurred on that date as an element of the offense. Instruction No. 1 told the jury:

To convict the defendant of child molesting, the State must have proved each of the following elements:

The defendant, Ray Stewart,

1. performed deviate sexual conduct with [M.B.],

2. when [M.B.] was under twelve (12) years of age.

The term "deviate sexual conduct" means an act involving a sex organ of one person and the mouth or anus of another person.

This instruction tracks the language of the statute under which Stewart was charged, Ind.Code § 35–42–4–3(a), and the section defining deviate sexual conduct, Ind.Code § 35–41–1–9(1). Stewart argues that the invocation of the alibi statute adds an essential element to the crime charged. The alibi statute requires the prosecutor to answer with specificity as to the date and place of the alleged crime if the State intends to present at trial a date and place other than that listed in the information. Ind.Code § 35–36–4–2(a) (Burns 1985 Repl.). Where the State at trial restricts its proof to the time frame within the information or within its answer to the notice of alibi, it has met its obligation under Ind.

Code § 35–36–4–2. *Webster v. State* (1981), Ind., 426 N.E.2d 1295.

The information alleged that the crime occurred "on or about the 6th day of July, 1984." Stewart filed his notice of alibi, stating "that on the date of the alleged offense as charged, the Defendant was in Hammond, Indiana." The State replied to Stewart's notice that it would offer evidence at trial "that the offense occurred during the evening hours of July 6, 1984, at the Shell Station at the corner of Mayflower Road and Western Avenue in St. Joseph County, Indiana." At trial, the State restricted its proof to events occurring in the evening hours of July 6. In doing so, the prosecution discharged its duty under the code. The time of commission was not an element of the offense.

## II. Expert Opinion on Abuse

Paul Hartman was a social worker accepted by the court as an expert in counseling victims of sex offenses. Stewart objected when the prosecutor asked Hartman whether, in his experience, it was unusual that M.B. and his mother had not immediately reported the incident to law enforcement authorities. The court overruled the objection. Hartman responded that in his opinion it was not unusual that victims fail to report "because of the fact that victims are often embarrassed of the sexual nature of the abuse and secondly people don't have the confidence that the system will do anything about it."

■ A trial judge may allow an expert witness to express an opinion when it is based on knowledge or experience beyond that of the average juror and it is likely that the expert's informed opinion will aid the jury. *Simmons v. State* (1987), Ind., 504 N.E.2d 575 (opinion of social worker on rape victim's behavior not an abuse of discretion). The question on appeal is whether the decision of the trial judge to allow an expert opinion was a sound exercise of discretion.

■ Defense counsel had questioned Mrs. B. about her delay in reporting the incident to the police. Whether such delay was ordinary under the circumstances was relevant to the credibility of the witness. Hartman had considerable experience counseling victims of sexual abuse and their families. This experience supported an opinion about whether delay in reporting sexual abuse was usual or unusual. The judge properly allowed Hartman's opinion about this relevant matter on which the jurors were not as well qualified to form an opinion as Hartman.

## III. Sufficiency of the Evidence

■ The well established standard for reviewing the sufficiency of evidence requires that we look at evidence most favorable to the verdict, and all reasonable inferences drawn therefrom. We neither reweigh the evidence nor judge the credibility of witnesses. *Blackmon v. State* (1983), Ind., 455 N.E.2d 586. Where there is substantial evidence of probative value demonstrating the defendant's guilt beyond a reasonable doubt, the verdict will not be set aside. *Gatewood v. State* (1982), Ind., 430 N.E.2d 781.

Stewart complains that the heart of the evidence against him was testimony by an eleven-year-old boy who had some confusion about the date of the crime. The uncorroborated testimony of a minor is sufficient to sustain a verdict of guilty of child molesting. *See Pearson v. State* (1985), Ind., 486 N.E.2d 540. The confusion about the date of the incident does not render the victim's testimony inherently incredible. There was substantial evidence to justify a jury finding that Stewart molested M.B.

The judgment of the trial court is affirmed.

DeBRULER, GIVAN, PIVARNIK and DICKSON, JJ., concur.