James WILSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S02–9201–CR–8.

Supreme Court of Indiana.

Jan. 7, 1992.

Reginal B. Bishop, Roberts & Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This cause comes to us on a petition to transfer from the Second District Court of Appeals. Following a jury trial, appellant, James Wilson, was found guilty of theft, Ind.Code 35–43–4–2, a Class D felony. Pursuant to I.C. 35–50–2–8, the jury found appellant to be an habitual offender. Appellant received a two-year sentence for his theft conviction and that sentence was enhanced two years on the basis of his past criminal history. As a result of his habitual offender conviction, the trial court then enhanced appellant's sentence an additional thirty years resulting in a total term of imprisonment of thirty-four years. The Court of Appeals, in an opinion not for publication 557 N.E.2d 9, affirmed appellant's theft conviction and corresponding sentence.

Appellant now brings this petition to transfer. The Court of Appeals rejected claims that error occurred in the admission of evidence at trial, that the evidence of both guilt and habitual offender status was not sufficient, and that the sentence was manifestly unreasonable. We now grant transfer, and with respect to appellant's first three claims of error we now summarily affirm the Court of Appeals opinion addressing these claims pursuant to Indiana Appellate Rule 11(B)(3). We agree, however, with appellant's contention that the trial court's imposition of a thirty-four-year sentence for his theft conviction constituted a sentence that was manifestly unreasonable.

Indiana Appellate Rule 17 provides that the Supreme Court will review sentences imposed upon convictions appealable to that Court. When the sentence imposed appears to be manifestly unreasonable in light of the nature of the offense and the character of the offender, this Court has the constitutional duty to revise such sentence on appeal. *Beatty v. State* (1991), Ind., 567 N.E.2d 1134; *Fointno v. State* (1986), Ind., 487 N.E.2d 140. A sentence is manifestly unreasonable when no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed. App.R. 17. We find that the imposition of a thirty-four-year sentence for appellant's Class D felony conviction for theft constitutes a sentence that is manifestly unreasonable.

In this instance, the trial court first ordered the presumptive two-year term for the Class D felony conviction. It then ordered two additional years to be added on due to appellant's past criminal history. As a result of two prior felony convictions, appellant was found to be an habitual offender. The trial court then ordered thirty additional years on the basis of the habitual offender finding, resulting in total term of imprisonment of thirty-four years. In adding the initial two years to the sentence, because of a criminal history, the trial court disclaimed reliance upon the convic-

tions used to establish appellant's status as an habitual offender.

In this instance, the crime of theft occurred in 1988, when appellant, 48 years of age, drove his pickup truck on a gravel road along the water company canal, until he reached the rear of a scrap company lot. He picked some aluminum up off the ground from along a fence, put it in his truck, and later sold it at another scrap company.

In 1961 and 1964, he was convicted of vehiclular theft and third degree burglary and served six months in jail on each. In 1965, at the age of 24 he was convicted on a plea of guilty to robbery while armed and received a ten-year sentence. He was discharged from parole on that sentence in 1970. In 1977 he received a $3 fine for keeping a dive and in 1982 he received a suspended sentence for possession of marijuana. This theft offense then followed in 1988.

The underlying felonies that resulted in appellant being found an habitual offender were the 1965 conviction for armed robbery and the 1982 conviction for possession of marijuana. I.C. 35–50–2–8(e) states that the court shall sentence a person found to be an habitual offender to an additional fixed term of thirty years. However, if one of the two underlying felonies is a Class D felony, the trial court may subtract up to ten years from the additional fixed term of thirty years. Further, if the felony for which the person is being sentenced is a Class D felony, the statute gives the trial court the discretion to subtract twenty years from the thirty-year enhancement.

In the present case, both of these options were available to the trial court. One of the underlying felonies relied upon by the State to establish appellant's habitual offender status was a Class D felony conviction for possession of marijuana for which appellant received one year's probation. In addition, the present felony for which appellant was being sentenced was a Class D felony conviction for theft. Despite these opportunities to revise the fixed term of appellant's habitual offender status down-

ward, the trial court imposed the full thirty-year enhancement.

We conclude that a thirty-four year sentence is manifestly unreasonable in light of the nature of the offense and the character of the offender. The circumstances of this theft show a minimal intrusion upon a remote corner of the owner's lot, at the very property line, and the items stolen were not of great value. Those convictions bearing highly significant weight occurred while appellant was in his twenties and prior to his successful completion of his parole in 1970. A seven-year period free of arrests followed that event, and the convictions for keeping a dive and possession of marijuana do not show a return to violent conduct. In a nutshell, the nature of this act of stealing and of this personal background, when considered in light of the fact that one of the underlying felonies used by the State to establish appellant's habitual offender status was a Class D felony, and of the fact that the present felony for which appellant is being sentenced is a Class D felony, leads us to this conclusion. This cause is thus remanded to the trial court which is instructed to modify the sentencing order to impose the presumptive term of two years for the Class D felony conviction, and to impose a ten-year enhancement for appellant's status as an habitual offender resulting in a sentence totaling twelve years.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

GIVAN, J., dissents with opinion.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion's order to the trial court to resentence appellant. The majority opinion violates our rule against reweighing the evidence on appeal. The trial court which had appellant and appellant's full record before it made a determination upon abundant facts that appellant should be sentenced as a habitual criminal. The statute cited by the majority gives him that discretion. Not only did the trial court believe the sentence to be reasonable but the Court of Appeals likewise felt that it was reasonable.

I also believe there is ample evidence in this record to support the reasonableness of the trial court's decision. When, as in this case, the majority opinion, without benefit of personal contact with appellant or without all of the firsthand knowledge available to the trial court, undertakes to totally reweigh the evidence presented to the trial court and arrives at an opposite conclusion, it violates the standing rules of this Court and perpetrates an injustice upon the trial court.

I would affirm the court in its entirety.