**Leroy W. YOUNG, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 34A02–9207–CR–308.**

Court of Appeals of Indiana,
Second District.

Aug. 24, 1993.

Transfer Denied Oct. 13, 1993.

Eugene C. Hollander, Indianapolis, for appellant-defendant.

Pamela Carter, Atty. Gen., Julie Zandstra Frazee, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

SHIELDS, Judge.

Leroy W. Young, Jr., appeals his conviction of dealing in cocaine,[1] a class B felony, and his twenty-year sentence enhancement for his status as a habitual offender.

We affirm.

### ISSUES

Young raises four issues:

1. Did the State present sufficient evidence to overcome Young's defense of entrapment?

2. Did the trial court err in admitting evidence concerning a search of a house that occurred subsequent to Young's arrest?

3. Did Young receive ineffective assistance of counsel?

---

1. *See* IC 35–48–4–1(a)(1) (1992 Supp.).

4. Was the trial court's twenty-year enhancement of Young's sentence, based on his status as a habitual offender, manifestly unreasonable or unconstitutionally disproportionate?

## FACTS

On June 7, 1988, Arthur Biles and Darrell Ivery were working for the Kokomo Police Department as confidential informants. After inquiring of a stranger where he might buy some cocaine, Biles was introduced to Leroy W. Young, Jr., at the Elks Lounge. Young told Biles that he knew of two local suppliers and quoted prices and quantities to Biles. After dickering over how to conduct the purchase, Young directed Ivery and Biles to the home of Yolanda Hall. Only Young entered the house; he returned a few minutes later with a plastic package wrapped in black crepe paper containing 1.2 grams of cocaine. Biles complied with Young's request for a piece of the cocaine in return for Young's services. Young offered to help Biles and Ivery find cocaine sources in the future.

Young was convicted by a jury of dealing in cocaine and adjudicated a habitual offender. He was sentenced to thirty years, receiving the presumptive ten-year sentence for his conviction of dealing in cocaine, enhanced by twenty years for his status as a habitual offender. He appeals.

## DISCUSSION

### I.

■ Young first argues that the evidence is insufficient to sustain his conviction because the State failed to overcome his defense of entrapment.[2]

■ This court reviews whether the entrapment defense was adequately rebutted as it reviews all other matters of sufficiency. *Martin v. State* (1989), Ind., 537 N.E.2d 491, 495. Thus, we look only at the evidence most favorable to the conviction and all reasonable inferences which may be drawn therefrom. *Stewart v. State* (1988), Ind., 521 N.E.2d 675, 677. We neither reweigh the evidence nor judge the credibility of witnesses, and we must uphold a conviction if the record contains substantial evidence of probative value to support the conclusion of the fact finder. *Id.; Jones v. State* (1992), Ind., 589 N.E.2d 241, 242.

■ To rebut the defense of entrapment, the State must introduce evidence which tends to show that the level of police activity did not persuasively affect the free will of the accused and that the accused was predisposed to commit the offense. *Crocker v. State* (1990), Ind.App., 563 N.E.2d 617, 621, *trans. denied.* The burden of proof placed upon the State in this regard is the standard of proof beyond a reasonable doubt. *Clayton v. State* (1986), Ind., 491 N.E.2d 534, 535. Factors which indicate a predisposition to sell drugs include: knowledge of drug prices; knowledge of drug sources and suppliers; use and understanding of terminology of the drug market; solicitation of future drug sales; and multiple sales to undercover officers. *Martin*, 537 N.E.2d at 495.

■ Young claims that the evidence of entrapment is "clear and uncontroverted" for a myriad of reasons,[3] the most persua-

---

**2.** Young's efforts to prove that the defense of entrapment was raised by counsel at trial, and not waived by failure to specifically plead the defense, were unnecessary. "While entrapment is an affirmative defense, it need not be specifically pleaded." *Wallace v. State* (1986), Ind., 498 N.E.2d 961, 964 (citation omitted). The defense of entrapment is raised once evidence is introduced showing police involvement in criminal activity. *Jackson v. State* (1982), Ind.App., 441 N.E.2d 29, 33; *see also Gray v. State* (1991), Ind., 579 N.E.2d 605, 609. Thus, in this case the defense was raised when the State first offered evidence showing that Young was arrested as

part of a controlled buy. *See Gray*, 579 N.E.2d at 609.

**3.** According to Young, the following establish that he was entrapped: (1) the informants were serving as government agents making a random drug purchase; (2) neither the informants nor the police had any reason to suspect Young was engaged in the use or sale of drugs; (3) Young was not the target of any investigation; (4) Young was solicited by the informants; and (5) the informants initiated contact with Young and established the parameters of the purchase. Even if we accept the above statements as true, the evidence put forth by the State shows that

sive being "the record is void of evidence establishing any predisposition on the part of the Defendant to commit this crime prior to his solicitation by the informants." Appellant's Brief at 14–15. Young's argument is unavailing to the extent it focuses on the claim that proof of one's predisposition must come from events preceding the official solicitation. Proof of predisposition is relevant only to ensure that, on the particular occasion, "the proscribed activity was not solely the idea of the police officials." *See Baird v. State* (1983), Ind., 446 N.E.2d 342, 343 (citation omitted). This purpose, coupled with the factors we use to determine predisposition, support the conclusion that the critical circumstances are those that exist at the time of the solicitation, and not before. *See Martin,* 537 N.E.2d at 495.

■ Our review of the record indicates that the State sufficiently rebutted the defense of entrapment. For example, there is evidence that Young quoted prices and respective quantities for the purchase of cocaine in terms of "eight balls" and "sixteenths," thereby demonstrating his understanding of drug terminology. There also is evidence that Young said he knew of at least two local sources of cocaine and one source in Chicago, demonstrating his familiarity with suppliers. Evidence that Young asked for a piece of the cocaine in return for his services demonstrated Young's understanding of how the drug market worked. Finally, the evidence that Young offered to help coordinate future sales for

Biles and Ivery demonstrates his willing complicity. This evidence reasonably supports the finding that Young voluntarily engaged in this transaction without pressure on the part of the confidential informants and that he was predisposed to commit the offense.

Young's sufficiency argument asks us to do no more than reweigh the evidence presented by the State. This we will not do. The evidence presented by the State was such that a reasonable juror could infer, beyond a reasonable doubt, that Young willingly participated in this transaction and that he was predisposed to commit this crime.[4] There is sufficient evidence of probative value to support Young's conviction for dealing in cocaine.

## II.

Young argues the trial court erred in admitting testimony regarding a search of Yolanda Hall's house conducted at least one month after Young sold cocaine to the confidential informants on June 7, 1988.

■ At trial, Young made a general objection that the proffered testimony was irrelevant. An objection stating evidence is irrelevant is too general to preserve any claim of error unless further explanation is given as to the prejudicial effect of such testimony. *See Jernigan v. State* (1993), Ind., 612 N.E.2d 609, 612. In Young's case, no explanation of the prejudicial effect of the testimony was given. Thus, Young has waived this issue.[5]

Young willingly participated in the controlled buy. As previously stated, entrapment requires evidence of police activity which persuasively affects the free will of the accused as well as proof that the accused was not predisposed to commit the crime. IC 35–41–3–9 (1988); *see Crocker,* 563 N.E.2d at 621. The State has sufficiently rebutted any contention that the official solicitation persuasively affected Young's free will.

**4.** We note the jury did not receive an instruction on the entrapment defense; none was requested or tendered.

**5.** We note, however, that evidence of crimes or misconduct of another is admissible if it directly relates to the totality of circumstances surrounding a defendant's crime. *See, e.g., Lugin-*

*buhl v. State* (1987), Ind.App., 507 N.E.2d 620, 624, *trans. denied.* Here, however, the search of Yolanda Hall's house and seizure of contraband found therein is not directly related to the totality of circumstances surrounding Young's crime. The State offered this evidence to show Young's predisposition to commit the crime of dealing in cocaine. While Young's knowledge of sources through which cocaine could be obtained is relevant to this issue, *see Martin,* 537 N.E.2d at 495, we fail to see how the result of a search of another's residence, conducted one month after Young's crime, is evidence of his predisposition to deal in cocaine at the time of the crime. Thus, the trial court erred in admitting this evidence.

However, the erroneous admission of evidence is not grounds for reversal if the error is

### III.

■ Young argues that his trial counsel was ineffective for: (1) failing to articulate the defense of entrapment during the trial;[6] (2) failing to prepare and tender a jury instruction on entrapment.[7]

■ In analyzing claims of ineffective assistance of counsel, we engage in a highly deferential review, requiring consideration of the totality of the evidence before the jury. *Johnson v. State* (1992), Ind., 584 N.E.2d 1092, 1106. There is a strong presumption that counsel's conduct fell within a wide range of reasonable professional standards. *Id.* The defendant must present strong and convincing evidence to rebut the presumption that counsel was competent. *McCollum v. State* (1991), Ind., 582 N.E.2d 804, 810–11. He must show not only deficient performance but also prejudice resulting from such performance. *Johnson*, 584 N.E.2d at 1106.

■ Without considering whether counsel's performance was deficient, Young cannot prevail because he did not establish that he was prejudiced by his counsel's performance. *See id.* Prejudice exists when there is a "reasonable probability that but for counsel's defective performance the result of the proceeding[ ] would have been different." *See McCollum*, 582 N.E.2d at 810; *Stroud v. State* (1992), Ind. App., 587 N.E.2d 1335, 1338 (citations omitted). Thus, Young would have had to prove that, had the entrapment defense been effectively raised and argued, he would have been acquitted of the charges. Considering the overwhelming evidence of predisposition, Young cannot meet this burden.

### IV.

Young finally argues that his sentence was manifestly unreasonable. Young was sentenced to thirty years in prison. The sentence was computed as follows: (1) he received the presumptive sentence of ten years for his conviction of dealing in cocaine; (2) he received a twenty-year enhanced sentence for being adjudicated a habitual offender. Young's argument on appeal does not dispute the reasonableness of his sentence for the felony conviction. Instead, it challenges the fairness of the twenty-year enhancement for his status as a habitual offender.

Young's enhancement was based upon felonies that occurred in 1976 and 1978. One of the felonies was treated as a class D felony, thus giving the trial court discretion under IC 35–50–2–8(e) to deviate from the thirty-year sentence required under that statute. The trial court exercised this discretion in reducing his enhancement from thirty to twenty years.

■ Young frames his argument in terms of "manifest unreasonableness."[8]

---

harmless. *See Hardin v. State* (1993), Ind., 611 N.E.2d 123, 131. In determining whether error is harmless, we consider the probable impact of the evidence upon the jury. *Id.* at 132. If the error had "substantial influence, 'or if one is left in grave doubt, the conviction cannot stand.'" *Id.* (citations omitted). The testimony elicited by the State regarding the search was very brief, explaining only that a search of Yolanda Hall's residence was conducted in July 1988, and drugs wrapped in candy wrappers were found during the search. We conclude this evidence had no impact on the jury's verdict.

6. As discussed in Issue I, *supra*, at n. 3, the defense of entrapment was raised during the trial. The essence of this argument, therefore, is that Young's trial attorney was ineffective because he "failed to recognize that the defense of entrapment had been raised by virtue of the evidence presented at trial." Appellant's Reply Brief at 5.

7. Young also argued his trial counsel was ineffective for failing to argue the defense of entrapment to the jury. The record of proceedings submitted with Young's appeal does not include transcripts of opening statements or closing arguments. We are not in a position to determine the merit of this argument because the issue is waived. *Stallings v. State* (1987), Ind., 508 N.E.2d 550, 552.

8. One element of Young's claim is that he should have received the minimum five-year enhancement permitted under IC 35–50–2–8(e). The portion of IC 35–50–2–8(e) upon which Young relies states:

If the court finds that ten (10) years have elapsed between the date the person was discharged from probation, imprisonment, or parole (whichever is later) for the last prior unrelated felony conviction and the date the person committed the felony for which the

Cases he cites in support of his claim, however, contain references to both the proportionality of the sentence as well as the reasonableness of the sentence. *See Wilson v. State* (1992), Ind., 583 N.E.2d 742, 743 (manifest unreasonableness); *Best v. State* (1991), Ind., 566 N.E.2d 1027, 1031 (reasonableness and proportionality, using proportionality standard); *Clark v. State* (1990), Ind., 561 N.E.2d 759, 765 (proportionality). Proportionality is, in essence, a constitutional challenge stemming from both the United States Constitution and the Indiana Constitution.[9] *See* U.S. Const., amend. VIII; Ind. Const., art. I, sec. 16. A claim of manifest unreasonableness, on the other hand, derives from Ind.Appellate Rule 17.[10]

The two claims utilize separate and independent standards of review. Under a proportionality analysis, a reviewing court is concerned that "all penalties shall be proportioned to the nature of the offense." Ind. Const., art. I, sec. 16. In determining the proportionality of a sentence enhancement under our habitual offender statute,

we consider: (1) the nature of the present felony; and (2) the nature of the prior offenses. *Taylor v. State* (1987), Ind., 511 N.E.2d 1036, 1039.

In reviewing a sentence to determine if it is manifestly unreasonable, on the other hand, we are guided by the standard set forth in App.R. 17(B): "A sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and the offender for which such sentence was imposed." The difference between the two standards, therefore, is the additional requirement in App.R. 17(B) that the sentence be "appropriate to the particular ... offender." *Id.*[11]

In analyzing Young's claim, we will look at his sentence in terms of the separate proportionality and manifest unreasonableness standards. Young's case is distinguishable from the proportionality cases upon which he relies. Both in *Best v. State* (1991), Ind., 566 N.E.2d 1027, 1031, and *Clark v. State* (1990), Ind., 561 N.E.2d 759,

person is being sentenced as an habitual offender, then the court may subtract up to twenty-five (25) years from the additional fixed term of thirty (30) years.
*Id.* Because the posture of Young's prior convictions place him outside the scope of this provision, his claim is without merit. As Young admits, "[p]robably eight years had elapsed since [he] was discharged from the last sentence." Appellant's Brief at 21.

9. Both the United States Constitution and the Indiana Constitution require that penal sanctions ordered against a person be proportional to the crimes committed by that person. *Solem v. Helm* (1983), 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637; Ind. Const., art. I, sec. 16. An extensive proportionality review is required under *Solem* only when the sentence involved is life without parole. *Taylor v. State* (1987), Ind., 511 N.E.2d 1036, 1038–39. However, the Indiana Constitution requires that "all penalties shall be proportioned to the nature of the offense." Ind. Const., art. I, sec. 16. Thus, in all cases, a defendant has a right under the Indiana Constitution to have the proportionality of his sentence reviewed. *See Clark,* 561 N.E.2d at 765.

10. The judicial article of the Indiana Constitution was amended in 1970, giving appellate courts the power to review and revise sentences imposed upon defendants. *See Cunningham v.*

*State* (1984), Ind.App., 469 N.E.2d 1, *trans. denied;* Ind. Const., art. VII, sec. 4 (granting supreme court power to review and revise sentences); Ind. Const., art. VII, sec. 6 (granting appellate courts power to review and revise sentences). App.R. 17, formerly Rule 2 of the Indiana Rules for Appellate Review of Sentences, sets forth procedures governing the exercise of this authority. *See Fointno v. State* (1986), Ind., 487 N.E.2d 140. Thus, a claim of manifest unreasonableness also derives from the Indiana Constitution.

11. The two standards concern separate issues. As the Supreme Court stated in *Solem v. Helm* (1983), 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637, proportionality is concerned with objective criteria. *Id.* at 290–92, 103 S.Ct. at 3009–11. The test for manifest unreasonableness, on the other hand, necessarily involves consideration of the nature of the offender; it requires a subjective determination regarding the character of the defendant. Where the proportionality analysis considers whether the sentence is fair in relation to other people who have committed the same or similar crimes, a manifest unreasonableness review is concerned that the sentence be fair as applied to the circumstances of the particular offender. Thus, claims of disproportionality and manifest unreasonableness should receive separate and independent treatment.

the appellants were convicted of operating while intoxicated, usually a class A misdemeanor, but elevated to a class D felony because of prior convictions for operating a vehicle while intoxicated. Also, in both cases the other prior conviction was a class D felony. Thus, in *Best* and *Clark*, the trial court had discretion pursuant to IC 35–50–2–8(e) to enhance the felony sentence in question by only five years.

In Young's case the present offense is a class B felony. His enhancement was based upon convictions for robbery and aggravated assault and battery. However, the aggravated assault and battery conviction was treated as a class D felony for purposes of sentencing; thus, the trial court exercised its discretion to subtract a maximum of ten years from the additional thirty-year term. Given the nature of Young's present and prior felonies, his sentence enhancement is not unconstitutionally disproportionate.

Young relies on *Wilson v. State* (1992), Ind., 583 N.E.2d 742, in claiming his sentence is manifestly unreasonable. In *Wilson*, the defendant was convicted of theft, a class D felony, and was sentenced to thirty-four years in prison. He received the presumptive two-year sentence for the theft conviction, enhanced by two years for his criminal history. Thirty years were then added to Wilson's sentence for his status as a habitual offender. The convictions relied on at the habitual phase of trial were armed robbery, occurring in 1965, and possession of marijuana, a class D felony occurring in 1982. Although the trial court had discretion pursuant to IC 35–50–2–8(e) to reduce the enhancement by twenty years, it ordered the maximum thirty-year enhancement.

In remanding the case for modification of the sentencing judgment, the supreme court found the following factors relevant to the "character of the offender": (1) the defendant's age at the time of the predicate felonies used for the purpose of the habitual offender enhancement; (2) the fact that seven years had passed without criminal incident; and (3) the fact that subsequent criminal activity "[did] not show a return to violent conduct." *Id.* at 744.

Using *Wilson* as a guide, we first note that Young has several factors in his favor. The convictions bearing "significant weight" occurred while Young was in his early twenties. Approximately eight years have passed since Young's discharge from his sentence on the robbery charge. Thus, it would appear that he benefited from his incarceration. Additionally, his present conviction did not involve a return to violent conduct. However, the nature of Young's crime, dealing in cocaine, is considerably different than that involved in *Wilson*. The fact that dealing in cocaine is a class B felony reflects the gravity accorded the offense. In contrast, Wilson's conviction was a class D felony theft of scrap metal from private, commercial property. Given these factors, neither the presumptive nor the twenty-year enhancement, the minimum permitted by law, is manifestly unreasonable.

Judgment affirmed.

FRIEDLANDER and CHEZEM, JJ., concur.