John Thomas NELSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 02S00–8707–CR–679.

Supreme Court of Indiana.

July 5, 1988.

Donald C. Swanson, Jr., Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of fondling and touching an 8–year-old child with intent to arouse or satisfy sexual desires, for which he received a five (5) year sentence, and of performing an act of deviate sexual conduct on the same child by forcing her to commit fellatio, for which he received twenty (20) years, the sentences to be served consecutively.

The facts are: The 8–year-old victim testified that appellant had molested her on several occasions. At one time, appellant was the live-in boyfriend of the victim's mother. With the aid of anatomically correct dolls, the victim related to the jury what appellant had done to her. She testified he threatened to beat her if she told anyone. On one occasion he took a pistol from a drawer and threatened to shoot her if she told anyone of the sexual activity.

The victim testified that appellant had engaged in sexual intercourse with her; an examining physician, however, testified that he could find nothing unusual in her vaginal area and there was no indication that she had ever had sexual intercourse. Although appellant was charged with having sexual intercourse, the jury found him not guilty of that charge.

Appellant claims there is insufficient evidence to establish that he performed an act of fondling or touching upon the victim. He maintains that the victim's testimony is not credible and should not have been believed because she had testified in detail as to sexual intercourse on more than one occasion with appellant, whereas medical examination indicated that no such attack had occurred. He therefore reasons that the witness should not be believed as to her testimony concerning the acts for which appellant was convicted.

A trier of fact may believe one part of the testimony of a witness and disbelieve and reject another part. *Thomas v. State* (1983), Ind., 451 N.E.2d 651. This Court has repeatedly stated that if there is substantial evidence of probative value from which a trier of fact might reasonably infer guilt beyond a reasonable doubt, the conviction must stand. *Coleman v. State* (1986), Ind., 490 N.E.2d 711.

In a case of this nature, a conviction may stand solely on the uncorroborated testimony of a minor witness. *Pearson v. State* (1985), Ind., 486 N.E.2d 540. We have stated that when a conviction is based solely on the testimony of an inherently unbelievable witness or where such testimony is replete with "incredible dubiosity" we will not let the conviction stand. *Hill v. State* (1986), Ind., 497 N.E. 2d 1061. However, in the case at bar, the jury had all of the facts placed before it, including the victim's testimony concerning actual sexual intercourse as well as the testimony of the doctor which undoubtedly was the cause of the jury's finding that appellant was not guilty of the sexual intercourse which was charged. It was the prerogative of the jury to weigh the testimony of the child, taking into consideration her age and her ability to communicate as to happenings of this nature. We cannot say that the testimony of the victim in this case is replete with "incredible dubiosity." There is evidence in this record to support the verdict of the jury.

Appellant claims there was insufficient evidence to establish an intent on the part of appellant to arouse or satisfy the sexual desires of either party. Given the detail with which the child described appellant's actions, the jury was entitled to infer from the surrounding circumstances that the intent to gratify was in fact present. *Tapp v. State* (1971), 256 Ind. 422, 269 N.E.2d 367; *Hammond v. State* (1985), Ind.App., 479 N.E.2d 629.

Appellant claims there is insufficient evidence as a matter of law to establish that he performed the act of deviate sexual conduct. The victim in this case testified in detail concerning such conduct. It was within the province of the jury to believe or disbelieve this testimony. We do not find the testimony of the victim to be so lacking in credibility as to justify reversal of the case.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.