**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jan 28 2014, 11:38 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**JOHN PINNOW**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

CHARLES A. DePREE,  )
        )
    Appellant-Petitioner,  )
        )
    vs.    )    No. 20A05-1308-PC-420
        )
STATE OF INDIANA,  )
        )
    Appellee-Respondent.  )

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable George W. Biddlecome, Judge
Cause No. 20D03-1210-PC-96

**January 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

Appellant-Petitioner Charles A. DePree pled guilty to Class B felony dealing in methamphetamine on May 20, 2003, under Cause Number 20D03-0210-FA-160 ("Cause No. FA-160"). DePree was sentenced to twelve years imprisonment. His sentence was subsequently modified to include a two-year term served on home detention through community corrections and ten years suspended to probation. In June of 2004, DePree was found to have violated the terms of his community corrections placement and ordered to serve two years in the Department of Correction ("DOC"). While imprisoned, DePree completed a substance abuse program. DePree was granted ninety days credit for completion of this program, and his release date was modified accordingly. On June 7, 2012, DePree admitted that he had violated the terms of his probation in Cause No. FA-160. The trial court ordered DePree to serve the balance of his sentence in this matter.

DePree subsequently sought post-conviction relief, arguing that the trial court failed to apply the proper award of credit time. The post-conviction court granted DePree's request in part, and denied DePree's request in part. DePree now appeals the post-conviction court's ruling. Finding no error, we affirm.

**FACTS AND PROCEDURAL HISTORY**

DePree pled guilty to Class B felony dealing in methamphetamine on May 20, 2003, under Cause No. FA-160 and was sentenced to twelve years imprisonment in the DOC. The trial court subsequently modified DePree's sentence by ordering him to serve two years on home detention through community corrections and suspending the remainder of his sentence

2

to probation.

On May 23, 2004, DePree was arrested on new criminal charges. DePree was released on bond on May 24, 2004. On May 28, 2004, the community corrections service provider overseeing DePree's home detention filed a notice which indicated that DePree had violated the terms of his home detention. The trial court found probable cause for the violation and, on June 1, 2004, issued a bench warrant for DePree's arrest. DePree was taken into custody on the notice of violation on July 11, 2004. On July 22, 2004, the trial court found that DePree had violated the terms of his community corrections placement and ordered DePree to serve two years in the DOC. DePree was granted credit for eleven days that he had served in jail since July 11, 2004.

While incarcerated, DePree successfully completed a substance abuse program. As a result of completing this program, DOC awarded DePree ninety days credit. Accordingly, DePree's release date was moved up ninety days from July 10, 2005 to April 11, 2005. DePree was released from incarceration in Cause No. FA-160 on April 11, 2005, but remained incarcerated in relation to an unrelated conviction under Cause Number 20D06-0405-FD-442 ("Cause No. FD-442"). Since being released from incarceration in relation to Cause No. FD-442, DePree has subsequently been convicted and sentenced for unrelated criminal actions under Cause Numbers 20D03-0606-FB-31 and 20D03-0912-FC-30 ("Cause No. FC-30").

On December 18, 2009, a notice of probation violation was filed in Cause No. FA-160, the underlying matter, alleging that DePree had violated his probation by committing the

criminal actions covered by Cause No. FC-30. On June 7, 2012, DePree admitted that he had violated the terms of his probation. The trial court ordered DePree to serve the balance of his sentence in the DOC.

DePree filed a petition for post-conviction relief on October 25, 2012, in which he alleged that the trial court's June 7, 2012 order did not include the proper award of credit time. Specifically, DePree alleged that he had been denied: (1) credit for time served (and corresponding good time credit) for seven days in jail between November 13, 2003 and November 20, 2003; (2) credit for time allegedly served on home detention between May 24, 2004 and July 10, 2004; and (3) credit for the completion of a substance abuse program while he was incarcerated in 2005.

On August 1, 2013, the post-conviction court issued an order granting DePree's petition in part and denying DePree's petition in part. Specifically, the post-conviction court granted DePree relief with respect to his claim for credit for time served (and the corresponding good time credit) for seven days in jail between November 13, 2003 and November 20, 2003. The post-conviction court denied relief on DePree's remaining claims. This appeal follows.

## DISCUSSION AND DECISION

The petitioner in a post-conviction proceeding bears the burden of establishing the grounds for relief by a preponderance of the evidence. Ind. Post-Conviction Rule 1(5); *Fisher v. State*, 810 N.E.2d 674, 679 (Ind. 2004). When appealing from the denial of post-conviction relief, the petitioner stands in the position of one appealing from a negative judgment. *Id*. On review, we will not reverse the judgment of the post-conviction court unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court. *Id*. A post-conviction court's findings

4

and judgment will be reversed only upon a showing of clear error, that which leaves us with a definite and firm conviction that a mistake has been made. *Id*. In this review, findings of fact are accepted unless they are clearly erroneous and no deference is accorded to conclusions of law. *Id*. The post-conviction court is the sole judge of the weight of the evidence and the credibility of witnesses. *Id*.

*Witt v. State*, 938 N.E.2d 1193, 1196 (Ind. Ct. App. 2010)

On appeal, DePree contends that the post-conviction court erred in denying his request for certain credit time. Specifically, DePree claims that the post-conviction court erred in denying his request for forty-eight days of credit time for time which he claims to have served on home detention. DePree also claims that the post-conviction court erred in denying him credit time he earned by completing a substance abuse program while incarcerated.

**A. Credit Time for Time Allegedly Served on Home Detention**

DePree claims that the post-conviction court erred in denying him credit time for time he allegedly served on home detention. It is undisputed that an individual is entitled to credit for time actually served on home detention. *See* Ind. Code § 35-38-2.5-5 (providing that a person confined on home detention earns credit for time served). In the instant matter, the post-conviction court determined that DePree was on home detention from November 20, 2003, until he was arrested for a new, unrelated offense on May 23, 2004. DePree was awarded credit for the 186 days served on home detention. DePree argues, however, that he is entitled to credit for an additional forty-eight days which he claims to have served on home detention between May 24, 2004 and July 10, 2004. In support of this argument, DePree testified during the evidentiary hearing that he continued to check in with the appropriate

5

individuals from the home detention program and pay home detention fees from May 24, 2004 until July 10, 2004. DePree, however, failed to present any admissible evidence in support of his self-serving testimony.

The post-conviction court considered DePree's testimony regarding the additional forty-eight days which DePree claims to have spent on home detention, but apparently did not believe said testimony. It is well-established that the post-conviction court, acting as a trier of fact, was not required to believe DePree. *See Thompson v. State*, 804 N.E.2d 1146, 1149 (Ind. 2004); *Marshall v. State*, 621 N.E.2d 308, 320 (Ind. 1993); *Nelson v. State*, 525 N.E.2d 296, 297 (Ind. 1988); *Hubble v. State*, 260 Ind. 655, 660, 299 N.E.2d 612, 615 (1973). DePree's claim on appeal effectively amounts to an invitation for this court to reassess his credibility and reweigh the evidence, which we will not do. *See Witt*, 938 N.E.2d at 1197 (providing that reweighing of the evidence cannot be done in the context of post-conviction proceedings).

### B. Credit Time for Completion of a Substance Abuse Program While Incarcerated

DePree also claims that the post-conviction court erred by failing to award him credit time that he allegedly earned by completing a substance abuse program while he was incarcerated in 2005. With respect to credit time for completion of certain educational programs while incarcerated, the applicable version of Indiana Code section 35-50-6-3.3(b) provides, in relevant part, as follows:

> [A] person may earn credit time if, while confined by the department of correction, the person:
> (1) is in credit Class I;

6

(2) demonstrates a pattern consistent with rehabilitation; and

(3) successfully completes requirements to obtain at least one (1) of the following:

…

(B) A certificate of completion of a substance abuse program approved by the [DOC].

A person who successfully completes a substance abuse program may earn "[n]ot more than a total of six (6) months of credit, as determined by the [DOC]." Ind. Code § 35-50-6-3.3(d)(6). "Credit time earned by a person under this section is subtracted from the release date that would otherwise apply to the person after subtracting all other credit time earned by the person." Ind. Code § 35-50-6-3.3(e). In *Randolph v. Buss*, 956 N.E.2d 38, 41 (Ind. Ct. App. 2011), *trans. denied*, we concluded that an individual receives the benefit of credit time earned pursuant to Indiana Code section 35-50-6-3.3 when said credit time is subtracted from the release date that would otherwise apply, resulting in an earlier release to parole, and the individual is not entitled to unused credit time earned if he is once again incarcerated following a violation of said parole.

In the instant matter, the record reveals that DePree was incarcerated under Cause No. FA-160 for a two-year term beginning July 22, 2004. The record further reveals that DePree completed a substance abuse program while incarcerated for this term. DePree was awarded ninety days credit for the completion of this program by the DOC. The ninety days credit was subtracted from DePree's July 10, 2005 release date, and, as a result, DePree was released from incarceration on April 11, 2005, and placed on probation. This appeal stems from the post-conviction court's calculation of DePree's release date following DePree's

7

incarceration for violating said probation.  Consistent with our conclusion in *Randolph*, we conclude that DePree received the benefit of the ninety days credit that he earned by completing the substance abuse program when he was released from incarceration ninety days before his scheduled July 10, 2005 release date.  DePree is not entitled to benefit from this credit for a second time.  Accordingly, we conclude that the post-conviction court did not err in failing to award DePree credit for this time when calculating DePree's release date following DePree's violation of his probation.

The judgment of the post-conviction court is affirmed.

MATHIAS, J., and PYLE, J., concur.